UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Jane Washburn Robinson,<br><br>      Plaintiff,<br>v.<br><br>The Washington Metropolitan Area Transit Authority,<br><br>      Defendant. | Civil Action No._____ |

## COMPLAINT

Plaintiff Jane Washburn Robinson alleges for her Complaint as follows:

### INTRODUCTION

1. On September 16, 2005, Plaintiff was injured when a Washington Metropolitan Area Transit Authority ("WMATA") bus ran a red right on Massachusetts Avenue NW, striking Plaintiff's right arm as she was beginning to cross the street. Plaintiff brings this suit to recover damages for her resulting permanent injuries.

### PARTIES

#### Plaintiff

2. Plaintiff Jane Washburn Robinson, a citizen of Virginia, is an individual residing at 404 Duke St, Alexandria, VA 22314.

#### Defendant

3. Defendant Washington Metropolitan Area Transit Authority is a regional authority, established pursuant to D.C. Code §§ 9-1107.1 to .12, that provides public transportation services in the Washington, D.C. metropolitan area.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties.

5. This Court also has jurisdiction pursuant to D.C. Code § 9-1107.01(81) (1981), which provides that "[t]he United States District Courts shall have original jurisdiction . . . of all actions brought by or against [WMATA] . . . ."

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

7. On the afternoon of September 16, 2005, Plaintiff visited the Embassy of India, located at 2536 Massachusetts Ave., NW, Washington, D.C.

8. After completing her business at the Embassy, Plaintiff began to walk back to her car. She stopped at the pedestrian crosswalk at the intersection of Massachusetts Avenue and Belmont Street to wait for the pedestrian walk signal.

9. While she was waiting for the pedestrian walk signal, she was joined at the intersection by Mr. Steve Jones, who also had just left the Indian Embassy.

10. When the signal indicated "Walk," Plaintiff began to cross Massachusetts Avenue in the pedestrian crosswalk, but as she stepped off the curb, she was struck on her right arm by a WMATA bus entering the crosswalk.

11. Mr. Jones grasped Plaintiff by her left arm, pulling her out of the street and preventing her entire body from being struck by the speeding bus.

12. The bus negligently entered the crosswalk in violation of a red light on the traffic signal.

13. The driver of the bus, Kevin McIlwain (the "bus driver"), was acting within the scope of his employment with WMATA when he was operating the bus that struck Plaintiff.

14. An ambulance arrived at the scene and transported Plaintiff to the George Washington University Hospital. Plaintiff was released from the hospital at around 2 a.m. on the morning of September 17, 2005.

15. On September 29, 2005, Plaintiff underwent surgery to repair the damage to her right arm.

16. Plaintiff continued to experience pain, suffering, and impairment in her right arm after her surgery, despite extensive physical therapy. As a result, a second surgery had to be performed on Plaintiff's right arm on or about July 13, 2006.

17. Even after her second surgery, Plaintiff continues to suffer from pain, suffering, and impairment of the use of her right arm, with other sequelae.

18. As a result of defendant's negligence, Plaintiff has suffered serious physical injuries, as well as pain and suffering. Plaintiff has incurred substantial expenses, including medical bills.

## COUNT I

## NEGLIGENCE

19. Plaintiff incorporates by reference paragraphs 1-18 as if set forth fully herein.

20. By engaging in the aforesaid actions, the bus driver was negligent.

21. At all relevant times, the bus driver acted within the scope of his employment with WMATA and in furtherance of WMATA's interests. Accordingly, WMATA is liable for the actions of the bus driver under the doctrine of respondeat superior.

22. As a direct and proximate result of the bus driver's negligence, Plaintiff sustained severe physical injuries, as well as pain and suffering.

WHEREFORE Plaintiff demands judgment against WMATA for (1) compensatory damages in an amount to be determined by the jury; (2) any other and further relief as this Court may deem just and proper.

## COUNT II

## NEGLIGENCE PER SE

23. Plaintiff incorporates by reference paragraphs 1-22 as if set forth fully herein.

24. By engaging in aforesaid actions, the bus driver violated the traffic ordinances and regulations of the District of Columbia, including, *inter alia*, 18 D.C. Code § 2200 (speed restrictions), 18 D.C. Code §2103 (observing traffic signals), and 18 D.C. Code §2300.2 (using due care regarding pedestrians). As a result, the bus driver was negligent per se.

25. At all relevant times, the bus driver acted within the scope of his employment with WMATA and in furtherance of WMATA's interests. Accordingly, WMATA is liable for the actions of the bus driver under the doctrine of respondeat superior.

26. As a direct and proximate result of the bus driver's negligence per se, Plaintiff sustained severe physical injuries, as well as pain and suffering.

WHEREFORE Plaintiff demands judgment against WMATA for (1) compensatory damages in an amount to be determined by the jury; (2) any other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

27. Plaintiff demands a trial by jury.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: _____
F. Lane Heard III (D.C. Bar No. 291724)
Richmond T. Moore (D.C. Bar No. 483811)

725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

*Attorneys for Plaintiff*

Dated: June 15, 2007

5

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Jane Washburn Robinson

## DEFENDANTS
Washington Metropolitan Area Transit Authority

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

WILLIAMS & CONNOLLY LLP
F. Lane Heard III (D.C. Bar No. 291724)
Richmond T. Moore (D.C. Bar No. 483811)
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332. Personal Injury case against WMATA for negligently striking and injuring plaintiff in cross-walk with WMATA bus.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ > $75,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 6/15/07    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.