UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Jane Washburn Robinson <br> 404 Duke St <br> Alexandria, VA 22314 <br><br>                    Plaintiff, <br>      v. <br><br> The Washington Metropolitan Area Transit Authority, <br><br>                    Defendant. | Civil Action No. 1:07-cv-01072- ESH____ |

## FIRST AMENDED COMPLAINT

Plaintiff Jane Washburn Robinson alleges for her Complaint as follows:

### INTRODUCTION

1.      On September 16, 2005, Plaintiff was injured when a Washington Metropolitan Area Transit Authority ("WMATA") bus ran a red right on Massachusetts Avenue NW, striking Plaintiff's right arm as she was beginning to cross the street.  Plaintiff brings this suit to recover damages for her resulting permanent injuries.

### PARTIES

#### Plaintiff

2.      Plaintiff Jane Washburn Robinson, a citizen of Virginia, is an individual residing at 404 Duke St, Alexandria, VA 22314.

#### Defendant

3.      Defendant Washington Metropolitan Area Transit Authority is a regional authority, established pursuant to D.C. Code §§ 9-1107.1 to .12, that provides public transportation services in the Washington, D.C. metropolitan area.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 based on diversity of citizenship between the parties.

5. This Court also has jurisdiction pursuant to D.C. Code § 9-1107.01(81) (1981), which provides that "[t]he United States District Courts shall have original jurisdiction . . . of all actions brought by or against [WMATA] . . . ."

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this district.

**FACTUAL ALLEGATIONS**

7. On the afternoon of September 16, 2005, Plaintiff visited the Embassy of India, located at 2536 Massachusetts Ave., NW, Washington, D.C.

8. After completing her business at the Embassy, Plaintiff began to walk back to her car. She stopped at the pedestrian crosswalk at the intersection of Massachusetts Avenue and Belmont Street to wait for the pedestrian walk signal.

9. While she was waiting for the pedestrian walk signal, she was joined at the intersection by Mr. Steve Jones, who also had just left the Indian Embassy.

10. When the signal indicated "Walk," Plaintiff began to cross Massachusetts Avenue in the pedestrian crosswalk, but as she stepped off the curb, she was struck on her right arm by a WMATA bus entering the crosswalk.

11. Mr. Jones grasped Plaintiff by her left arm, pulling her out of the street and preventing her entire body from being struck by the speeding bus.

12. The bus negligently entered the crosswalk in violation of a red light on the traffic signal.

13. The driver of the bus, Kevin McIlwain (the "bus driver"), was acting within the scope of his employment with WMATA when he was operating the bus that struck Plaintiff.

14. An ambulance arrived at the scene and transported Plaintiff to the George Washington University Hospital. Plaintiff was released from the hospital at around 2 a.m. on the morning of September 17, 2005.

15. On September 29, 2005, Plaintiff underwent surgery to repair the damage to her right arm.

16. Plaintiff continued to experience pain, suffering, and impairment in her right arm after her surgery, despite extensive physical therapy. As a result, a second surgery had to be performed on Plaintiff's right arm on or about July 13, 2006.

17. Even after her second surgery, Plaintiff continues to suffer from pain, suffering, and impairment of the use of her right arm, with other sequelae.

18. As a result of defendant's negligence, Plaintiff has suffered serious physical injuries, as well as pain and suffering. Plaintiff has incurred substantial expenses, including medical bills.

## COUNT I

## NEGLIGENCE

19. Plaintiff incorporates by reference paragraphs 1-18 as if set forth fully herein.

20. By engaging in the aforesaid actions, the bus driver was negligent.

21. At all relevant times, the bus driver acted within the scope of his employment with WMATA and in furtherance of WMATA's interests. Accordingly, WMATA is liable for the actions of the bus driver under the doctrine of respondeat superior.

22.    As a direct and proximate result of the bus driver's negligence, Plaintiff sustained severe physical injuries, as well as pain and suffering.

WHEREFORE Plaintiff demands judgment against WMATA for (1) compensatory damages in an amount to be determined by the jury; (2) any other and further relief as this Court may deem just and proper.

## COUNT II

## NEGLIGENCE PER SE

23.    Plaintiff incorporates by reference paragraphs 1-22 as if set forth fully herein.

24.    By engaging in aforesaid actions, the bus driver violated the traffic ordinances and regulations of the District of Columbia, including, *inter alia*, 18 D.C. Code § 2200 (speed restrictions), 18 D.C. Code §2103 (observing traffic signals), and 18 D.C. Code §2300.2 (using due care regarding pedestrians).  As a result, the bus driver was negligent per se.

25.    At all relevant times, the bus driver acted within the scope of his employment with WMATA and in furtherance of WMATA's interests.  Accordingly, WMATA is liable for the actions of the bus driver under the doctrine of respondeat superior.

26.    As a direct and proximate result of the bus driver's negligence per se, Plaintiff sustained severe physical injuries, as well as pain and suffering.

WHEREFORE Plaintiff demands judgment against WMATA for (1) compensatory damages in an amount to be determined by the jury; (2) any other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

27.    Plaintiff demands a trial by jury.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


By:  /s/ Richmond T. Moore
   F. Lane Heard III (D.C. Bar No. 291724)
   Richmond T. Moore (D.C. Bar No. 483811)

   725 12th Street, N.W.
   Washington, D.C. 20005
   (202) 434-5000
   (202) 434-5029 (fax)

*Attorneys for Plaintiff*

Dated:  June 15, 2007