UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Jane Washburn Robinson,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**The Washington Metropolitan Area** )<br>**Transit Authority,** )<br>)<br>Defendant. )<br>) | Civil Action No.07-cv-1072 |

### RULE 26(f) REPORT

The parties submit the following joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3.

### NATURE OF THE CLAIMS AND DEFENSES

Plaintiff Jane Wasburn Robinson seeks to recover damages for personal injuries that she suffered as a result of being struck by a Washington Metropolitan Area Transit Authority ("WMATA") bus on September 16, 2005 as she began to cross Massachusetts Avenue at the intersection of Belmont Street in Washington, D.C. Plaintiff alleges that the bus driver negligently entered the crosswalk in violation of a red light. Defendant denies that the bus driver was negligent.

### DISCOVERY PLAN

The focus of discovery will be the events surrounding the accident and Plaintiff's subsequent medical treatment. The principal fact witnesses who will be deposed are the Plaintiff, the bus driver (Kevin McIlwain), witnesses of the accident, and Plaintiff's health care providers. Both parties likely will have expert witnesses regarding Plaintiff's injuries. The

parties served written discovery on August 17. The parties believe discovery can be completed within six months and propose February 29, 2008 as the discovery deadline.

## PROPOSED SCHEDULING ORDER

| | |
|---|---|
| Rule 26(a)(1) Initial Disclosures | August 31, 2007 |
| Meet and Confer Status Conference | September 12, 2007; 10:00 a.m. |
| Joinder of additional parties and amendment of pleadings | November 1, 2007 |
| Plaintiff's 26(a)(2) Expert Disclosures | December 3, 2007 |
| Defendant's 26(a)(2) Expert Disclosures | January 15, 2008 |
| Discovery Deadline | February 29, 2008 |
| Pre-Trial Conference | March 21, 2008 |

## AGREEMENTS BETWEEN THE PARTIES

Counsel for the parties met and conferred on August 17, 2007, pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3. Listed below is a succinct statement of the agreements reached with respect to the matters listed in Local Rule 16.3(c):

(1) **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties agree that this case is not likely to be disposed of by dispositive motion.

(2) **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that the deadline for joinder of additional parties and amending the pleadings should be November 1, 2007.

WMATA admits that Kevin McIlwain, the bus driver, was acting within the scope of his employment at the time of the accident.

2

(3) **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to assignment of the case to a magistrate judge.

(4) **Whether there is a realistic possibility of settling the case.**

The parties agree that settlement is not a realistic possibility at this time.

(5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

   (i)   the client's goals in bringing or defending the litigation;

   (ii)  whether settlement talks have already occurred and, if so, why they did not produce an agreement

   (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

      (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

      (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

   (v)   whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

The parties agree that ADR would not be productive at this time.

(6) **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties agree that this case is not likely to be resolved by summary judgment or a motion to dismiss. Accordingly, the scheduling order does not provide dates for dispositive motions.

**(7)** **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to make their initial disclosures on August 31, 2007, in accordance with Rule 26(a)(1).

**(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

See discovery plan and proposed scheduling order. The parties agree that a protective order will not be necessary in the case.

**(9)** **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree that the expert disclosure requirements of Rule 26(a)(2) should not be modified other than the dates of the disclosures set forth in the proposed scheduling order. Depositions of experts will follow shortly after their Rule 26(a)(2) disclosures.

**(10)** **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that bifurcation in discovery or at trial is not appropriate .

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

March 21, 2007.

**(13)** **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should set a trial date at the pre-trial conference.

4

**(14)** **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

## CHANGES TO THE TIMING OF, FORM OF, REQUIREMENTS OF, OR LIMITATIONS ON DISCOVERY

Other than the agreements set forth herein, the parties propose no changes to the Civil Rules or Local Rules regarding discovery.

## ELECTRONICALLY STORED INFORMATION

The parties propose that, wherever possible, all electronically stored documents be produced in native format.

Respectfully submitted,

| | |
|---|---|
| /s/ Kathleen A. Carey | /s/ Richmond T. Moore |
| Kathleen A. Carey (D.C. Bar No. 357990) | F. Lane Heard III (D.C. Bar No. 291724) |
| David J. Shaffer (D.C. Bar No. 413484) | Richmond T. Moore (D.C. Bar No. 483811) |
| Washington Metropolitan Area Transit Authority | Williams & Connolly LLP |
| 600 Fifth Street, NW | 725 Twelfth Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| (202) 962-1496 | (202) 434-5000 |
| *Attorneys for Defendant Washington Metropolitan Area Transit Authority* | *Attorneys for Plaintiff Jane Washburn Robinson* |