## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jane Washburn Robinson,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **The Washington Metropolitan Area** | ) |
| **Transit Authority,** | ) |
| | ) |
| **Defendant.** | ) |

Civil Action No. 1:07-cv-1072 (PLF-DAR)

## JOINT STATUS REPORT

Pursuant to the Court's December 19, 2007 Order, the parties submit the following joint status report on discovery issues.

## FACTUAL BACKGROUND

Plaintiff Jane Washburn Robinson seeks to recover damages for personal injuries that she suffered as a result of being struck by a Washington Metropolitan Area Transit Authority ("WMATA") bus on September 16, 2005 as she began to cross Massachusetts Avenue at the intersection of Belmont Street in Washington, D.C.  Plaintiff alleges that the bus driver negligently entered the crosswalk in violation of a red light.  WMATA denies that the bus driver was negligent.  WMATA also asserts that the Plaintiff was contributorily negligent and assumed the risk of her actions.

## STATUS OF DISCOVERY

The following is the Plaintiff's position with respect to the status of the discovery taken thus far:

1.      On August 31, 2007, the parties exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). As part of its initial disclosures, WMATA provided 22 pages of documents relating to the accident.

2.      Both parties served interrogatories and documents requests (collectively "written discovery") on August 17, 2007.[1]

3.      The parties responded to the written discovery in September 2007. WMATA did not produce any documents in response to Plaintiff's written discovery.[2]

4.      The parties met and conferred regarding discovery issues on October 11, 2007. WMATA agreed to conduct additional searches in response to Plaintiff's written discovery and supplement its responses as appropriate.

5.      On October 26 and November 14, 2007, WMATA sent two emails to Plaintiff with additional information.[3]

6.      WMATA still has not provided any documents in response to Plaintiff's written discovery, and it has not supplemented its responses.

7.      No depositions have been taken.

Defendant's Position Regarding Discovery:

Defendant produced all documents relating to the accident in its possession which were not otherwise privileged when it served initial disclosures in August of 2007. All other requests

---

[1]     *See* Plaintiff's First Set of Interrogatories to WMATA (attached as Exhibit 1); Plaintiff's First Requests for Production of Documents to WMATA (attached as Exhibit 2).

[2]     *See* WMATA's Responses to Plaintiff's Interrogatories (attached as Exhibit 3); WMATA Responses to Plaintiff Jane Washburn Robinson's Requests for Production of Documents (attached as Exhibit 4).

[3]     *See* October 26, 2007 email from Kathleen Carey to Richmond Moore (attached as Exhibit 5); November 14, 2007 email from Kathleen Carey to Richmond Moore (attached as Exhibit 6).

for documents and information, with the exception of the issue of "witness statements",[4] was for information not related to this accident. In an effort at resolving the dispute, defense counsel agreed to renew a search for certain categories of information, some of which has been provided. However, it was the defendant's understanding that no discovery would be conducted during December, January and, at least part of February, because both of the named counsel for the Plaintiff represented to the Court that their time was being completely taken up by litigation outside of the Washington, D.C. area and that because of that Plaintiff's needed an additional three months for all discovery deadlines. Although Defendant opposed that extension and agreed instead to a one month extension, the Court granted the Plaintiff's request. However, the Plaintiff now comes before the Court and is apparently available to pursue discovery. If that is the case, the Defendant will request a modification back to dates closer to the original schedule. There is additional information which the defendant can provide to the Plaintiff but not to the extent requested in the original Requests for Documents and Interrogatories. However, none of this information has anything to do with the facts of this accident.

Additionally, in this Status Report, Plaintiff attempts to argue a motion to compel which has never been served. Defendant received this Status Report in draft form on January 3, 2008. Defendant is not required to respond to the arguments in this pleading on substantive discovery disputes on four days notice. Defendant also has not read the Court's request for a joint Status Report to imply that arguments in support of and in opposition to compelling information should be included in the Report. Therefore, the Defendant has not included such arguments. If the

---

[4]    The alleged witness statements are not "witness statements" at all, but information gathered by Claims Investigators from WMATA, who contacted witnesses once the claim was sent to WMATA by the Plaintiff indicating that a suit would be filed if no settlement to the claim was forthcoming. The eyewitnesses have been fully identified in the Defendant's Initial Disclosure Statement.

Plaintiff seeks to compel information, her counsel should proceed in accordance with the Court

rules and prepare a motion to compel.  Failing that, the Defendant will not respond at this time,

unless so ordered by the Court.

It is in deference to the Plaintiff's counsel's schedule that no depositions have been

noted.  They will be, if counsel are now available.

## DISPUTED ISSUES

Plaintiff has requested Court intervention because the parties have been unable to resolve

disputes over Plaintiff's written discovery.

**A.     Plaintiff's Position.**

WMATA's refusal to provide any documents in response to Plaintiff's written discovery

has prevented Plaintiff from obtaining key information necessary to pursue her case.

Specifically, Plaintiff seeks the following:

**1.     Witness Statements (Request No. 1, Interrogatory No. 2).**

Plaintiff requested all documents and information from WMATA relating to the accident

and its investigation of the accident.  WMATA states that it has produced all responsive

documents except the statements of three witnesses — Alzita Welles, Kevin McIlwain, and

Lydia Gumbs — taken by its investigator.  WMATA argues that the witness statements are

protected by the work product doctrine.[5]

The Court should order WMATA to produce these witness statements pursuant to

*Johnson v. Washington Metropolitan Area Transit Authority*, 1990 WL 113877 (D.D.C. 1990).

---

[5]     WMATA objected to Plaintiff's Request No. 1 for all documents relating to the accident on
the ground that was "overly broad and burdensome."  WMATA's overbreadth objection is
without merit as Plaintiff's Request No. 1 relates specifically to the accident at issue.  But
this objection is moot in any event because WMATA has stated that "[t]here are no other
non-privileged documents responsive to this request."

In *Johnson*, a similar case in which WMATA refused to produce its investigators' witness statements regarding an accident, the court rejected WMATA's work product objection for two reasons. First, the Court held that the witness statements were not protected by the work product doctrine because they were taken "in the ordinary course of business" and not "primarily for the purposes of future litigation." *Id.* at *2. Second, the Court held that even if the statements were work product, they must be produced because Plaintiff had demonstrated the substantial need and undue hardship necessary for the discovery of work product. *Id.* at *2-*3. The Court explained that "[s]tatements taken from the witnesses shortly after the accident constitute unique catalysts in the search for truth . . . in that they provide an immediate impression of the facts that cannot be recreated or duplicated by a deposition that relies upon memory . . . ." *Id.* at *2 (quoting *Southern Ry. Co. v. Lanham*, 403 F.2d 119, 128 (5th Cir. 1968) (internal quotations omitted).

The court's decision in *Johnson* should apply here. WMATA has not shown that its investigators took the witness statements primarily for the purposes of litigation rather than in the ordinary course of business. And even if the statements were work product, they are vital evidence of witnesses' memories close to the time of the accident that cannot be replicated. Moreover, counsel for Plaintiff has attempted to contact the witnesses, but has been unable to reach them.

**2.      Information Relating to the Bus Driver (Request No. 2, Interrogatories Nos. 4, 5, and 6).**

Plaintiff has sought information from WMATA regarding the bus driver involved in the accident, Kevin McIlwain. *See* Request No. 2, Interrogatories Nos. 4, 5, and 6. The bus driver is the primary WMATA witness in this case because WMATA's liability is based on his negligence. Therefore, information about the bus driver — including, *inter alia*, his driving

record, employment history, work schedule, and training — is evidence at the heart of Plaintiff's case.  Yet WMATA has refused to provide any documents regarding the bus driver.

WMATA has objected to the production of these documents on two grounds, neither of which has merit.  First, WMATA argues that the requests "seek[] information regarding matters for which WMATA is absolutely immune, such as training, supervision, hiring and/or which are not subject to production, such as, disciplinary records."  But Plaintiff has not brought a claim against WMATA based on its negligent supervision, hiring or training.  Her claim against WMATA is brought under the doctrine of respondeat superior based on the bus driver's negligence, and information regarding the bus driver is directly relevant to *his* negligence.  For example, whether the bus driver was on notice of pedestrian safety issues from his training or whether previous driving record contains incidents involving pedestrian safety is relevant to whether he acted reasonably in this case.  Moreover, information about the bus driver is relevant to assess the credibility of the bus driver.  If, for example, the bus driver testifies that he has a perfect driving record or has a practice of proceeding cautiously through pedestrian crossings at intersections, Plaintiff must have the information necessary to impeach that testimony.

Second, WMATA claims that "the Bus Operator's personnel file contains personal, private and proprietary documents which WMATA is not permitted to produce pursuant to its own internal policies and procedures."  The Court should reject this argument because it is well-settled that a government agency cannot avoid compliance with the Federal Rules of Civil Procedure based on its own internal policies and procedures.  *See, e.g., United States v. Procter & Gamble,* 356 U.S. 677, 681 (1958) ("The Government as a litigant is, of course, subject to the rules of discovery."); *Alexander v. F.B.I.*, 186 F.R.D. 66, 70 (D.D.C. 1998) ("When the government or one of its agencies comes into court  . . . it is to be treated in exactly the same way

as any other litigant.") (quoting *EEOC v. Los Alamos Constructors, Inc.,* 382 F. Supp. 1373, 1375 (D.N.M. 1974); *cf. Yousuf v. Samantar*, 451 F.3d 248 (D.C. Cir. 2006) (holding that the government must comply with a subpoena even when it is not a party to the litigation).

Thus, the Court should order WMATA to produce the documents and information relating the bus driver requested in Request No. 2 and Interrogatories Nos. 4, 5, and 6.

### 3.    Documents Relating to the Previous WMATA Accidents at the Intersection (Request No. 3; Interrogatory No. 7).

Plaintiff is seeking information regarding other accidents at or near the intersection at which this accident occurred.  This evidence is relevant to Plaintiff's claims for at least two reasons.  First, one of Plaintiff's theories is that the bus driver ran the red light because the sequence and interaction of the several lights at the intersection functioned in a way that encouraged such violations.  Whether WMATA vehicles have been involved in other pedestrian incidents at or around this intersection is directly relevant to proving this theory.  Second, evidence of previous accidents at the intersection is relevant to determine whether WMATA and the bus driver were on notice that this was a dangerous intersection and took reasonable steps to prevent accidents there.

### 4.    Information Regarding Other Traffic Control Signal Violations and Pedestrian Incidents (Requests Nos. 4 and 5; Interrogatories Nos. 8 and 9).

Plaintiff is seeking information and documents regarding other similar incidents in which WMATA drivers have been accused of violating traffic control signals or striking pedestrians. This information is relevant for at least two reasons.  First, it is relevant to the issue of whether WMATA and the bus driver were on particular notice of safety issues regarding pedestrians. Second, WMATA has only produced 22 documents relating to this accident.  These documents consist of the police report, the WMATA official accident report, and photographs of the scene of the accident.  Plaintiff should be allowed to review WMATA's investigation of other

accidents to determine whether it engaged in a cursory review in this case compared to others. The thoroughness of the investigation bears directly on the credibility of the statements contained in WMATA's investigation file and its denial of responsibility.

5.     **Documents Relating to Training of WMATA Employees (Requests Nos. 6 and 7; Interrogatories Nos. 10-11).**

Plaintiff is seeking information and documents regarding WMATA's training of its employees regarding traffic control signals and the safety of pedestrians. WMATA has objected on the ground that it is immune from hiring, training, and supervision claims. This information, however, is directly relevant to determine what training the bus driver received, what he knew, and whether he acted reasonably in light of this training. Thus, the Court should overrule WMATA's objections.

6.     **Documents Relating to WMATA's Actions Taken in Response to Traffic Control Signal Violations or Pedestrian Incidents (Request No. 8).**

Plaintiff has requested documents relating to WMATA's actions taken in response to traffic control signal violations and pedestrian incidents. This information is relevant to show whether WMATA and the bus driver had a heightened awareness of problems with these types of incidents and how they responded to them. WMATA's actions taken in response to these issues bear directly on whether the bus driver had an incentive to be careful.

The Court should reject WMATA's objection based on subsequent remedial measures for two reasons. First, some of the information sought by the Request relates to actions taken before Plaintiff's injury and, therefore, are not subsequent remedial measures. Second, insofar as the Request includes actions taken after Plaintiff's injury, the rule against the admission of subsequent remedial measures is a rule of admissibility at trial that does not prohibit discovery. *Jumper v. Yellow Corp.*, 176 F.R.D. 282, 284 (N.D. Ill. 1997) ("Rule 407 is a rule of admissibility at trial; it is not a rule governing pretrial procedure.") (citing cases); *Eicholtz v. J.C.*

*Penney Co.*, 2006 WL 2520321, at *1 (D. Nev. Aug 29, 2006) ("Federal Rule of Evidence 407 governs the admissibility of subsequent remedial measures; it does not preclude discovery."); *Trzeciak v. Apple Computers, Inc.*, 1995 WL 20329 at *8 n. 1 (S.D.N.Y. Jan. 15, 1995) ("Rule 407 governs admissibility and not discoverability."). Thus, the Court should overrule WMATA's objections and order it to produce documents responsive to Request No. 8.

**B.    WMATA's position.**

WMATA's position is stated earlier in this memorandum. Defendant WMATA contests each statement and argument by the Plaintiff.

Respectfully submitted,


/s/  Kathleen A. Carey                                   /s/ Richmond T. Moore
Kathleen A. Carey (D.C. Bar No. 357990)      F. Lane Heard III (D.C. Bar No. 291724)
David J. Shaffer (D.C. Bar No. 413484)         Richmond T. Moore (D.C. Bar No. 483811)

   Washington Metropolitan Area Transit            Williams & Connolly LLP
     Authority                                                      725 Twelfth Street, NW
   600 Fifth Street, NW                                    Washington, DC  20005
   Washington, DC  20001                              (202) 434-5000
   (202) 962-1496

*Attorneys for Defendant Washington*            *Attorneys for Plaintiff Jane Washburn*
*Metropolitan Area Transit Authority*               *Robinson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January 2008 a true and correct copy of the

foregoing Joint Status Report was served on the defendant through the Court's ECF system.

David J. Shaffer
Kathleen Ann Carey
WASHINGTON METROPOLITAN TRANSIT AUTHORITY
600 Sixth Street, NW
Washington, DC 20001
dshaffer@wmata.com
kcarey@wmata.com

      /s/  Richmond T. Moore
Richmond T. Moore

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000
*rtmoore@wc.com*

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

Jane Washburn Robinson,          )
                                    )
                     Plaintiff,    )
                                    )
     v.                       )        Civil Action No.01-cv-1072
                                    )
The Washington Metropolitan Area Transit   )
Authority,                       )
                                    )
                    Defendant.   )
                                    )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO THE WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jane Washburn Robinson, by and through undersigned counsel, hereby propounds the following interrogatories to Defendant Washington Metropolitan Area Transit Authority ("WMATA"). Plaintiff requests that WMATA answer each interrogatory separately and fully in writing, under oath, and serve a copy of their answers, no later than thirty (30) days from the date of service hereof, to Williams & Connolly LLP, Attention: Richmond T. Moore, 725 Twelfth Street, N.W., Washington, D.C. 20005. The "Definitions" and "Instructions" listed below apply to each of these interrogatories.

## DEFINITIONS

A.      "You" and "your" shall refer to WMATA and its agents, employees, representatives, and employees.

B.      "WMATA" shall refer to the Washington Metropolitan Area Transit Authority, any persons under the control of WMATA, agents, predecessor or successor entities, subsidiaries, affiliates, parents, divisions, employees, officers, directors, or managing agents, past or present, of WMATA, and any other person acting or purporting to act on behalf of WMATA.

C.      "Accident" shall refer to the incident on September 16, 2005, described in the
Complaint, in which a WMATA bus struck Plaintiff.

D.      "Bus Driver" shall refer to the person driving the WMATA bus involved in
the Accident.

E.      "Intersection" shall refer to the intersection of Belmont Road, N.W., and
Massachusetts Ave., N.W., in Washington D.C.

F.      "Traffic Violation" shall refer to any event in which a bus or other vehicle
operated by WMATA was alleged by any person to have violated a traffic law or ordinance of
any federal, state, local or municipal authority, including but not limited to events that resulted in
citations or warnings by any governmental authority.

G.      "Pedestrian Incident" shall refer to any event in which any person alleged that
a bus or other vehicle operated by WMATA struck a pedestrian.

H.      "Traffic Control Signal" shall mean any device, whether manually,
electrically, or mechanically operated, by which traffic is alternately directed to stop and to
proceed.

I.      "Traffic Control Signal Violation" shall mean any event in which any person
alleged that a bus or other vehicle operated by WMATA failed to comply with a Traffic Control
Signal.

J.      "Documents" is given the meaning used in Rule 34 of the Federal Rules of
Civil Procedure and includes originals, drafts and non-identical copies of all writings (whether
handwritten, typed, printed or otherwise made); drawings; graphs; charts; records; electronically-
created, electronically-stored and/or electronically-transmitted data or information (including
electronic mail and messages, computer databases, computer hard drives and computer discs);

audio or video recordings, including tape recordings; and any other compilations of data from which information can be obtained and/or translated.

K.  "Relating to" and "related to" shall mean anything comprising, concerning, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, identifying, illustrating, analyzing, pertaining to, referring to, reflecting, regarding, relating to, responding to, setting forth, stating, supporting in any way, or in any way, either directly or indirectly, pertaining to the subject matter of the request.

L.  "Including" means "including but not limited to."  The word "including" in any Request shall not be construed to limit the scope of the Request, and in no circumstance is use of the word "including" intended to limit the scope of any Request.

M.  "Communication" shall refer to any written or oral communication or exchange by any method (including by document sent or received), whether by telephone, by meeting, by letter, by e-mail or other form of electronic message, by telex, by telecopy or facsimile, or by any other process, including any form of oral, written, or electronic communication, together with any cover letter, cover sheet, attachment, enclosure, exhibit, file, and/or any other document referred to by or transmitted with or in connection with such communication or exchange, and also includes the transmission of information, in the form of facts, ideas, data, inquiries, or otherwise, whether oral, written, or electronic, by which information in whatever form is stored, transmitted, or received.

N.  "Complaint" shall refer to the Complaint filed by Plaintiff in this action on or about June 19, 2007.

O.  "Answer" shall refer to the Answer to the Complaint, filed by WMATA on July 17, 2007.

P.     "All" and "any" shall both be construed as "any and all."

Q.     "And" and "or" encompass both "and" and "or." "And" and "or" shall be construed either conjunctively or disjunctively so as to include any documents that might otherwise be considered to be beyond the scope of a particular request.

R.     The use of the singular form of any word includes the plural and vice versa.

S.     All verbs include all tenses.

T.     Any interrogatory propounded in the masculine gender shall also be read as if propounded in the feminine and neuter gender, and vice versa

U.     The term "person" means any natural person or any business, legal or other governmental entity, or association.

V.     "Identify" or "identity," when used in reference to a person, means to state the person's full name, present or last known address, present or last known telephone number, and relationship, if any, to WMATA.

W.     "Identify" or "identity," when used in reference to a document, means to state its type (*e.g.*, letter, facsimile, memorandum, sales receipt), subject matter, and date, and the identity of each author, addressee, and recipient.

X.     "State the basis" means, with respect to each contention addressed in the Interrogatories set forth below:

     i.    to explain in detail all facts and circumstances relating to your contention;

     ii.    to identify all documents relating to your contention, including but not limited to all documents you consulted in preparation of your answers to these Interrogatories; and

iii. to identify all persons having knowledge of any facts or circumstances tending to support or refute your contention.

## INSTRUCTIONS

A.    These interrogatories seek all information that is known to you, your representatives, agents or investigators, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators or consultants.

B.    If, in responding to the Interrogatories, you encounter an ambiguity in construing either the Interrogatory or a definition or instruction pertaining to the Interrogatory, set forth the matter deemed ambiguous and the construction that you used in responding.

C.    The Interrogatories contained herein are continuing in nature and require supplemental answers if additional or different information is obtained prior to trial.

D.    If you object to any Interrogatory or portion thereof, please specify your objection and furnish a response to all portions of such Interrogatory to which you have no objection.

E.    If you object to an Interrogatory on the ground that it seeks information protected by the attorney/client privilege, work product doctrine, or any other asserted privilege, please provide the following:

i.    an identification of each communication or document embodying the allegedly protected information;

ii.    the identity of all person(s) from and to whom the information has been communicated;

iii.    a brief description of the subject matter of the information; and

iv.    the legal ground(s) upon which you rely in withholding the information.

## <u>INTERROGATORIES</u>

1.      Identify all persons with knowledge or information relating to the Accident.

2.      Identify any recorded statements by persons who have knowledge of the facts and circumstances concerning the Accident.

3.      Identify the person driving the WMATA bus involved in the Accident.

4.      Identify and describe any instance in which the Bus Driver was accused by any person of violating any law, regulation, code, guideline, or standard (including the common law standard of reasonable care).  For each instance, provide the date of the violation, or alleged violation, a description of the incident, and the name of the person or persons who were involved in the violation.

5.      Identify any instance in which the Bus Driver was involved in a Pedestrian Incident.

6.      Identify any investigations or disciplinary proceedings relating to the Bus Driver.

7.      Identify any Traffic Violations or Pedestrian Incidents at or within 1000 yards of the Intersection.

8.      Identify any Traffic Control Signal Violations after January 1, 2000.

9.      Identify any Pedestrian Incidents after January 1, 2000.

10.    Identify any training provided to WMATA employees regarding compliance with Traffic Control Signals.

11.    Identify any training provided to WMATA employees regarding the safety of pedestrians.

Respectfully submitted,

F. Lane Heard III
Richmond T. Moore

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000

*Attorneys for Plaintiff*

Dated: August 17, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of August 2007 a true and correct copy of the

foregoing Plaintiff's First Set of Interrogatories to the Washington Metropolitan Area Transit

Authority was sent by electronic mail and first-class mail to the defendant at the address listed

below.

Richmond T. Moore
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000
*rtmoore@wc.com*

David J. Shaffer
Kathleen Ann Carey
WASHINGTON METROPOLITAN TRANSIT AUTHORITY
600 Sixth Street, NW
Washington, DC 20001
dshaffer@wmata.com
kcarey@wmata.com

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

Jane Washburn Robinson,           )
                                            )
                Plaintiff,       )
        v.                   )        Civil Action No. 01-cv-1072
                                              )
The Washington Metropolitan Area Transit  )
Authority,                          )
                                            )
                Defendant.    )
                                            )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO THE WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jane Washburn Robinson, by and through undersigned counsel, hereby propounds the following requests for production of documents to Defendant Washington Metropolitan Area Transit Authority ("WMATA").  Plaintiff requests that you produce a copy of all documents that are in your possession, custody or control, or that are otherwise available to you, and which are responsive to the Requests, no later than thirty (30) days from the date of service hereof, to Williams & Connolly LLP, Attention: Richmond T. Moore, 725 Twelfth Street, N.W., Washington, D.C. 20005.  The "Definitions" and "Instructions" listed below apply to each of these Requests.

### DEFINITIONS

A.      "You" and "your" shall refer to WMATA and its agents, employees, representatives, and employees.

B.      "WMATA" shall refer to the Washington Metropolitan Area Transit Authority, any persons under the control of WMATA, agents, predecessor or successor entities,

subsidiaries, affiliates, parents, divisions, employees, officers, directors, or managing agents, past

or present, of WMATA, and any other person acting or purporting to act on behalf of WMATA.

C.     "Accident" shall refer to incident on September 16, 2005, described in the

Complaint, in which a WMATA bus struck Plaintiff.

D.     "Bus Driver" shall refer to Kevin McIlwain, the person driving the WMATA

bus involved in the Accident.

E.     "Intersection" shall refer to the intersection of Belmont Road, N.W., and

Massachusetts Ave., N.W., in Washington D.C.

F.     "Traffic Violation" shall refer to any event in which a bus or other vehicle

operated by WMATA was alleged by any person to have violated a traffic law or ordinance,

including but not limited to events that resulted in citations or warnings by any governmental

authority.

G.     "Pedestrian Incident" shall refer to any event in which any person alleged that

a bus or other vehicle operated by WMATA struck a pedestrian.

H.     "Traffic Control Signal" shall mean any device, whether manually,

electrically, or mechanically operated, by which traffic is alternately directed to stop and to

proceed.

I.     "Traffic Control Signal Violation" shall mean any event in which any person

alleged that a bus or other vehicle operated by WMATA failed to comply with a Traffic Control

Signal.

J.     "Documents" is given the meaning used in Rule 34 of the Federal Rules of

Civil Procedure and includes originals, drafts and non-identical copies of all writings (whether

handwritten, typed, printed or otherwise made); drawings; graphs; charts; records; electronically-

created, electronically-stored and/or electronically-transmitted data or information (including electronic mail and messages, computer databases, computer hard drives and computer discs); audio or video recordings, including tape recordings; and any other compilations of data from which information can be obtained and/or translated.

      K.     "Relating to" and "related to" shall mean anything comprising, concerning, constituting, containing, commenting on, dealing with, describing, discussing, embodying, evidencing, identifying, illustrating, analyzing, pertaining to, referring to, reflecting, regarding, relating to, responding to, setting forth, stating, supporting in any way, or in any way, either directly or indirectly, pertaining to the subject matter of the request.

      L.     "Including" means "including but not limited to." The word "including" in any Request shall not be construed to limit the scope of the Request, and in no circumstance is use of the word "including" intended to limit the scope of any Request.

      M.     "Communication" shall refer to any written or oral communication or exchange by any method (including by document sent or received), whether by telephone, by meeting, by letter, by e-mail or other form of electronic message, by telex, by telecopy or facsimile, or by any other process, including any form of oral, written, or electronic communication, together with any cover letter, cover sheet, attachment, enclosure, exhibit, file, and/or any other document referred to by or transmitted with or in connection with such communication or exchange, and also includes the transmission of information, in the form of facts, ideas, data, inquiries, or otherwise, whether oral, written, or electronic, by which information in whatever form is stored, transmitted, or received.

      N.     "Complaint" shall refer to the Amended Complaint filed by Plaintiff in this action on or about June 19, 2007.

O.    "Answer" shall refer to the Answer to the Complaint, filed by WMATA on July 17, 2007.

P.    "All" and "any" shall both be construed as "any and all."

Q.    "And" and "or" encompass both "and" and "or." "And" and "or" shall be construed either conjunctively or disjunctively so as to include any documents that might otherwise be considered to be beyond the scope of a particular request.

R.    The use of the singular form of any word includes the plural and vice versa.

S.    All verbs include all tenses.

T.    Any request propounded in the masculine gender shall also be read as if propounded in the feminine and neuter gender, and vice versa

U.    The term "person" means any natural person or any business, legal or other governmental entity, or association.

## INSTRUCTIONS

A.    All Requests refer to documents that are within your possession, custody or control, including documents that are in the possession of your agents, representatives, and/or lawyers.

B.    Respond to each Request as completely as possible. The omission of any document will be deemed a representation that no such document has ever existed, unless your response specifies otherwise.

C.    If, in responding to the Requests, you encounter an ambiguity in construing either the Requests or a definition or instruction pertaining to the Requests, set forth the matter deemed ambiguous and the construction that you used in responding.

D.    The Requests contained herein are continuing in nature.  You are obligated to supplement your responses promptly if and when any new or additional documents come into your possession or into the possession of your present or former agents, representatives, and/or lawyers.

E.    If you object to any Request or portion thereof, please specify your objection and furnish a response to all portions of such Request to which you have no objection.

F.    If you object to the production of any document on the basis of attorney/client privilege, work product doctrine, or any other asserted privilege, provide, for each document, the following information:

- the date of the document;

- the name(s) and title(s) of the author(s) of the document;

- the name and title of each person to whom the document was addressed;

- the names, titles and addresses of all recipients of the original and copies of the document;

- the current location(s) of the document;

- a brief description of the nature and general subject matter of the document;

- the nature of the claimed privilege or immunity asserted; and

- the number of the request(s) to which the document is responsive.

G.    If you object to all or part of any request on the grounds that production is unduly burdensome, describe in detail the burden or expense of the proposed discovery.

H.    If you maintain that any particular document is not accessible to you or is no longer in existence, state what disposition was made of it; when and where such disposition took

place; the identity of the person who ordered, authorized or performed such disposition; the policy or other authority under which such disposition was made; the type of document; the identity of the person with knowledge of its contents; and the location of any copies.

   I.  You are requested to produce all responsive documents in an orderly manner, and with appropriate markings or other identification, so that the reviewing parties will be able to identify the source of each document and through which subpoena, notice of deposition, interrogatory or other request for information you obtained the document.

## REQUESTS

  1.  All documents relating to the Accident, including:

   (i) all documents relating to any investigation or inquiry into the Accident;

   (ii) all documents relating to the Accident that were created for or by any insurer of WMATA;

   (iii) all documents relating to the Accident that are required to be maintained by any laws, regulations, codes, or standards, including those of federal, state, or municipal governments or administrative agencies;

   (iv) all documents containing or relating to statements of persons who have knowledge of the facts and circumstances concerning the Accident;

   (v) all documents relating to any communications between WMATA and any person regarding the Accident; and

   (vi) all documents relating to communications to or from the Bus Driver relating to the Accident.

  2.  All documents relating to the Bus Driver, including all documents relating to:

(i) the Bus Driver's driving record, including any driving infractions, safety violations, accidents, accidents, citations, penalty points, driver's license revocations, driver's license reinstatements;

(ii) Traffic Violations involving the Bus Driver;

(iii) Pedestrian Incidents involving the Bus Driver;

(iv) any civil, criminal, or administrative investigation of the Bus Driver by any governmental agency, including federal, state, municipal, or local authorities;

(v) the safety performance of the Bus Driver;

(vi) the personnel file of the Bus Driver;

(vii) the Bus Driver's work and rest schedule or hours calculations, including time sheets;

(viii) records of health insurance claims, disability claims, sickness, mental illness, or doctors' excuses of the Bus Driver;

(ix) any investigations or disciplinary proceedings relating to the Bus Driver; and

(x) WMATA's training, testing, monitoring, and supervision of the Bus Driver.

3.       All documents relating to any Traffic Violations or Pedestrian Incidents at or within 1000 yards of the Intersection.

4.       All documents relating to any Traffic Control Signal Violations after January 1, 2000.

5.       All documents relating to any Pedestrian Incidents after January 1, 2000.

6.       All documents relating to training provided to WMATA employees regarding compliance with Traffic Control Signals.

7.      All documents relating to any training provided to WMATA employees regarding the safety of pedestrians.

8.      All documents relating to any action, precaution or remedy that WMATA has taken in response to Traffic Control Signal Violations or Pedestrian Incidents.

9.      All documents identified and/or relied upon in preparation of the Answer.

10.     All documents that WMATA intends to introduce at trial.

Respectfully submitted,

F. Lane Heard III
Richmond T. Moore

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000

*Attorneys for Plaintiff*

Dated: August 17, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2007 a true and correct copy of the

foregoing Plaintiff's First Requests for Production of Documents to the Washington

Metropolitan Area Transit Authority was sent by electronic mail and first-class mail to the

defendant at the address listed below.

Richmond T. Moore

WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005-5901
(202) 434-5000
*rtmoore@wc.com*

David J. Shaffer
Kathleen Ann Carey
WASHINGTON METROPOLITAN TRANSIT AUTHORITY
600 Sixth Street, NW
Washington, DC 20001
dshaffer@wmata.com
kcarey@wmata.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE WASHBURN ROBINSON, )<br><br>Plaintiff )<br><br>v. )<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY, )<br><br>Defendant )<br>————————————————) | Case No. 07 CV 01072 (PLF) |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
(WMATA's) RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Defendant Washington Metropolitan Area Transit Authority ("WMATA")

submits its Answers to the Plaintiff's Interrogatories as follows:

**PRELIMINARY STATEMENT**

WMATA reserves the right to rely on any facts, documents, or other

evidence which may develop or come to WMATA's attention.  WMATA's Answers

are set forth herein without prejudice to WMATA's right to assert additional

objections or supplemental answers should WMATA discover additional information

or grounds for objections.  WMATA reserves the right to supplement or amend

these answers at any time prior to trial of this action.

**INTERROGATORIES**

1.    Identify all persons with knowledge or information relating to the Accident.

**ANSWER:**1. Kevin McIlwain, bus operator. c/o WMATA. 600 Fifth St., N.W. Washington, D.C. 20001. (202) 635-6776 (w).  Mr. Mcilwain witnessed the incident.

2.  Jane Washburn Robinson, plaintiff.  404 Duke St., Alexandria , VA 22314, (703) 548-6457.  Individual involved in the  incident.

3.  Bertha Williams, witness to the incident. (510) 693-1852.  Address unknown.

4.  Alzira Weiles, (202) 486-9881, witness to the incident.  490  M. St., S.W. #100, Washington, D.C. 20004.

5.  Job Randolph (202) 299-0105. Witness to the incident.  Address unknown.

6.  Officer Dix, D.C. Metropolitan Police Department, Badge No. 1342. Investigated the incident.  Address and telephone unknown.

7.  N. Phillips, Metro Transit Police Department.  Investigated the incident. Badge No. 320, c/o WMATA, 600 Fifth St., N.W. Washington, D.C. 20001.

8.  Lydia Gumbs, witness to the incident.  (202) 364-6730.  103 G St., N.W., Washington, D.C. 20024.

9.  Norman E. Williams, Street Supervisor, c/o WMATA, 600 Fifth St., N.W. Washington, D.C. 20001.  Investigated the incident.

2.  Identify any recorded statements by persons who have knowledge of the facts and circumstances concerning the Accident.

**ANSWER:**    WMATA objects to this interrogatory to the extent it violates the attorney work product privilege.    WMATA further responds that it has no signed statements responsive to this Interrogatory.  WMATA is withholding on grounds of work product privilege the following recordings:

Alzita Welles, witness, recorded on September 26, 2005 by WMATA investigator; Kevin McILwain, bus driver, recorded on November 9, 2005 by WMATA investigator; Lydia Gumbs, recorded on September 25, 2005 by WMATA investigator.

3.    Identify the person driving the WMATA bus involved in the Accident.

**ANSWER:** Kevin McIlwain, bus operator. c/o WMATA. 600 Fifth St., N.W. Washington, D.C. 20001. (202) 635-6776 (w).

4.    Identify and describe any instance in which the Bus Driver was accused by any person of violating any law, regulation, code, guideline, or standard (including the common law standard of reasonable care). For each instance, provide the date of the violation, or alleged violation, a description of the incident, and the name of the person or persons who were involved in the violation.

**ANSWER:** Objection.  This request for documents seeks information regarding matters for which WMATA is absolutely immune, such as training, supervision, hiring and/or which are not subject to production, such as, disciplinary records.  In addition, the Bus Operator's personnel file contains personal, private and proprietary documents which WMATA is not permitted to produce pursuant to its own internal policies and procedures.

5.    Identify any instance in which the Bus Driver was involved in a Pedestrian

Incident.

**ANSWER**: Objection.  This request for documents seeks information regarding matters for which WMATA is absolutely immune, such as training, supervision, hiring and/or which are not subject to production, such as, disciplinary records.  In addition, the Bus Operator's personnel file contains personal, private and proprietary documents which WMATA is not permitted to produce Pursuant to its own internal policies and procedures.

6.    Identify any investigations or disciplinary proceedings relating to the Bus Driver.

**ANSWER**: Objection.  This request for documents seeks information regarding matters for which WMATA is absolutely immune, such as training, supervision, hiring and/or which are not subject to production, such as, disciplinary records.  In addition, the Bus Operator's personnel file contains personal, private and proprietary documents which WMATA is not permitted to produce Pursuant to its own internal policies and procedures.

7.    Identify any Traffic Violations or Pedestrian Incidents at or within 1000 yards of the Intersection.

**ANSWER**:  Objection.  This information is neither available to WMATA nor retrievable or catalogued either in the normal course of business or in the format requested.  In addition, the request on its face is burdensome in that it fails to provide a date range, and seeks information unrelated to WMATA or its Bus Operators and other employees who operate non-revenue vehicles. as well as

4

incidents unrelated to WMATA and not in the possession of WMATA. Specifically, the phrasing of the request requires the Defendant to identify traffic control signal violations involving hundreds of traffic controls in the Greater Washington Metropolitan Area as WMATA operates in three different jurisdictions. Further, if such information were available, it could not possibly lead to any admissible evidence with respect to the issues in this case which are limited to one accident.

8.      Identify any Traffic Control Signal Violations after January 1, 2000.

**ANSWER:** Objection. This information is neither available to WMATA nor retrievable or catalogued either in the normal course of business or in the format requested. In addition, the request on its face is burdensome in that it fails to provide a date range, and seeks information unrelated to WMATA or its Bus Operators and other employees who operate non-revenue vehicles.

9.      Identify any Pedestrian Incidents after January 1, 2000.

**ANSWER:** Objection. This information is neither available to WMATA nor retrievable or catalogued either in the normal course of business or in the format requested. In addition, the request on its face is burdensome in that it seeks information related to WMATA and its Bus Operators and other employees who operate non-revenue vehicles, as well as incidents unrelated to WMATA and not in the possession of WMATA. Specifically, the phrasing of the request requires the Defendant to identify traffic control signal violations involving hundreds of traffic controls in the Greater Washington Metropolitan Area as WMATA operates in three different jurisdictions. Further, if such information were available, it could not

5

possibly lead to any admissible evidence with respect to the issues in this case which are limited to one accident.

10.     Identify any training provided to WMATA employees regarding compliance with Traffic Control Signals.

**ANSWER:** Objection. WMATA is immune from claims challenging WMATA's hiring, training, and supervision of its employees See Burkhart v. WMATA, 112 F.3d 1207 (D.C. Cir. 1997). Therefore, this interrogatory seeks information which is neither relevant nor otherwise admissible, nor would it lead to any information which is admissible.

11.     Identify any training provided to WMATA employees regarding the safety of pedestrians.

**ANSWER:** Objection. WMATA is immune from claims challenging WMATA's hiring, training, and supervision of its employees See Burkhart v. WMATA, 112 F.3d 1207 (D.C. Cir. 1997). Therefore, this interrogatory seeks information which

is neither relevant nor otherwise admissible, nor would it lead to any information

which is admissible.

As to Answers:

**I HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING RESPONSES TO PLAINTIFFS' INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

EXECUTED ON September _17_, 2007.

Terry L. Smith, Manager
Third Party Liability and
Designated WMATA Representative
600 Fifth Street, N.W.
Washington, DC 20001

Subscribed and sworn to before me this _18th_ Day of September, 2007

Notary Public, D.C.

Ruby Burke
Notary Public District of Columbia
My Commission expires 07/31/11

My Commission Expires: _____

As to objections:                          Respectfully submitted,


                                           WASHINGTON METROPOLITAN AREA
                                             TRANSIT AUTHORITY


                                           *Kathleen A. Carey*
                                           Kathleen A. Carey
                                           Unified Bar No. 357990
                                           Assistant General Counsel
                                           600 Fifth Street, N.W.
                                           Washington, D.C.  20001
                                           (202) 962-1496
                                           Attorneys for Defendant WMATA
                                           Kcarey@wmata.com


                                           *David J. Shaffer*
                                           David J. Shaffer #413484
                                           Assistant General Counsel
                                           600 Fifth St., N.W.
                                           Washington, D.C. 20001
                                           (202) 962-2820
                                           Dshaffer@wmata.com
                                           Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Responses to the

Plaintiff's  Interrogatories were sent by mail, postage prepaid,  this ___18th___ day of

September  2007 to:

F. Lane Heard, III, Esquire
Richmond T. Moore, Esquire
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C.  20005


                                           *Kathleen A Carey*
                                           Kathleen A. Carey

                                           8

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE WASHBURN ROBINSON,  ) | |
| ) | |
| Plaintiff  ) | Case No. 07 CV 01072 (PLF) |
| ) | |
| v.  ) | |
| ) | |
| WASHINGTON METROPOLITAN  ) | |
| AREA TRANSIT AUTHORITY,  ) | |
| ) | |
| Defendant  ) | |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT
AUTHORITY'S (WMATA's) RESPONSES TO PLAINTIFF JANE
WASHBURN ROBINSON'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Washington Metropolitan Area Transit Authority ("WMATA")

submits its Responses to Plaintiff Robinson's Request for Production of Documents

as follows:

## DOCUMENT REQUESTS

1.    All documents relating to the Accident, including:

(i) all documents relating to any investigation or inquiry into the Accident;

(ii) all documents relating to the Accident that were created for or by any

insurer of WMATA;

(iii) all documents relating to the Accident that are required to be maintained

by any laws, regulations, codes, or standards, including those of federal, state, or

municipal governments or administrative agencies;

1

(iv) all documents containing or relating to statements of persons who have knowledge of the facts and circumstances concerning the Accident;

(v) all documents relating to any communications between WMATA and any person regarding the Accident; and

(vi) all documents relating to communications to or from the Bus Driver relating to the Accident.

**RESPONSE**: Objection. This request for documents is overly broad and burdensome. In addition, as identified in the Defendant's Responses to Plaintiff's Interrogatories, documents which were and are created and are intended for use in litigation, are privileged pursuant to the attorney work product privilege and will not be produced. Those documents include the recorded statements which are described in the privilege log contained in the Defendant's Responses to Interrogatories, the file created by the Office of Third Party Liability at WMATA. In addition, the request includes correspondence privileged pursuant to the attorney client privilege and documents in the litigation file of counsel for the defendant which are also privileged pursuant to the attorney client and attorney work product privilege. Without waiving the objection, the Defendant states that non-privileged documents relating to the internal investigation of this incident have previously produced in the Defendant's initial disclosures. There are no other non-privileged documents responsive to this request.

2.    All documents relating to the Bus Driver, including all documents relating to:

(i) the Bus Driver's driving record, including any driving infractions, safety

violations, accidents, accidents, citations, penalty points, driver's license

revocations, driver's license reinstatements;

   (ii) Traffic Violations involving the Bus Driver;

   (iii) Pedestrian Incidents involving the Bus Driver;

   (iv) any civil, criminal, or administrative investigation of the Bus Driver by

any governmental agency, including federal, state, municipal, or local authorities;

   (v) the safety performance of the Bus Driver;

   (vi) the personnel file of the Bus Driver;

   (vii) the Bus Driver's work and rest schedule or hours calculations, including

time sheets;

   (viii) records of health insurance claims, disability claims, sickness, mental

illness, or doctors' excuses of the Bus Driver;

   (ix) any investigations or disciplinary proceedings relating to the Bus Driver;

and (x) WMATA's training, testing, monitoring, and supervision of the Bus Driver.

**RESPONSE:** Objection. This request for documents seeks information regarding

matters for which WMATA is absolutely immune, such as training, supervision,

hiring and/or which are not subject to production, such as, disciplinary records. In

addition, the Bus Operator's personnel file contains personal, private and proprietary

documents which WMATA is not permitted to produce pursuant to its own internal

policies and procedures.

3.    All documents relating to any Traffic Violations or Pedestrian Incidents at or

within 1000 yards of the Intersection.

3

**RESPONSE:** Objection. As explained in Defendant's Responses to Interrogatories, this information is neither available to WMATA nor retrievable or catalogued either in the normal course of business or in the format requested. In addition, the request on its face is burdensome in that it fails to provide a date range, and seeks information unrelated to WMATA or its Bus Operators and other employees who operate non-revenue vehicles as well as incidents unrelated to WMATA and not in the possession of WMATA. Specifically, the phrasing of the request requires the Defendant to identify incidents involving hundreds, and probably thousands, of intersections in the Greater Washington Metropolitan Area as WMATA operates in three different jurisdictions. Further, if such information were available, it could not possibly lead to any admissible evidence with respect to the issues in this case which are limited to one accident.

4.    All documents relating to any Traffic Control Signal Violations after January 1, 2000.

**RESPONSE:** Objection. As explained in Defendant's Responses to Interrogatories, this information is neither available to WMATA nor retrievable or catalogued either in the normal course of business or in the format requested. In addition, the request on its face is burdensome in that it seeks information unrelated to WMATA or its Bus Operators and other employees who operate non-revenue vehicles. The phrasing of the request also requires the Defendant to identify traffic control signal violations involving hundreds of traffic controls in the Greater Washington Metropolitan Area as WMATA operates in three different jurisdictions. Further, if

4

such information were available, it could not possibly lead to any admissible

evidence with respect to the issues in this case which are limited to one accident.

5.    All documents relating to any Pedestrian Incidents after January 1, 2000.

**RESPONSE**:  Objection.  As explained in Defendant's Responses to Interrogatories,

this information is neither available to WMATA nor retrievable or catalogued in the

normal course of business and in the format requested.  In addition, the request on

its face is burdensome in that it seeks information described as "all documents"

which were created regarding other incidents and which are unrelated to WMATA

or its Bus Operators and other employees who operate non-revenue vehicles.  Even

if the request were to be further defined to seek "all documents relating to any

Pedestrian Incidents" involving WMATA vehicles, it would still be burdensome and

fail to lead to any otherwise admissible documentation or information.  Further, as

phrased the request seeks information pertaining to both Bus and Rail and is

objectionable for the same reasons identified herein.

6.    All documents relating to training provided to WMATA employees regarding

compliance with Traffic Control Signals.

**RESPONSE**:  Objection.  WMATA is immune from claims challenging WMATA's

hiring, training, and supervision of its employees  See Burkhart v. WMATA, 112

F.3d 1207 (D.C. Cir. 1997). Therefore, this interrogatory seeks information which

is neither relevant nor otherwise admissible, nor would it lead to any information

which is admissible.

7.    All documents relating to any training provided to WMATA employees

regarding the safety of pedestrians.

**RESPONSE**: Objection. WMATA is immune from claims challenging WMATA's hiring, training, and supervision of its employees  See Burkhart v. WMATA, 112 F.3d 1207 (D.C. Cir. 1997). Therefore, this interrogatory seeks information which is neither relevant nor otherwise admissible, nor would it lead to any information which is admissible.

8.    All documents relating to any action, precaution or remedy that WMATA has taken in response to Traffic Control Signal Violations or Pedestrian Incidents.

**RESPONSE**: Objection. This information, if available, constitutes subsequent remedial measures which are not admissible nor could they lead to any otherwise admissible information. The request is also so broad as to not be answerable as phrased and provides no date range within which the documents are to apply.

9.    All documents identified and/or relied upon in preparation of the Answer.

**RESPONSE**: See documents provided in the Defendant's initial disclosures.

10.    All documents that WMATA intends to introduce at trial.

**RESPONSE**: Objection. This request invades and violates the attorney work product and attorney client privilege and will not be responded to by providing such

information.

Respectfully submitted,

*Kathleen A Carey*
Kathleen A. Carey #357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496
Kcarey@wmata.com

*David J. Shaffer*
David J. Shaffer #413484
Assistant/General Counsel
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
Attorneys for Defendant WMATA
Dshaffer@wmata.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of these Responses to Request for Production of

Documents were mailed, postage prepaid, this *i7*ᵗʰ day of September, 2007 to:

F. Lane Heard III
Richmond T. Moore
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C.  20005

*Kathleen A. Carey*
Kathleen A. Carey

7

-----Original Message-----
From: Kathleen Carey [mailto:kcarey@wmata.com]
Sent: Friday, October 26, 2007 11:19 AM
To: Moore, Richmond
Cc: David Shaffer
Subject: Jane Robinson

Rich
To follow up on our discovery conference.  The Third Party Liability section (Claims) is attempting to compile statistics for pedestrian
accidents from July 1, 1999 to the present.   An initial run at this
information reveals there are approximately 253 pedestrian incidents (including those for which no investigation was performed, because no claim was made) for that time period.

As for accidents within 1000 yards of the intersection and traffic violations involving pedestrian, data is not maintained such that WMATA is able to produce such reports.

I am following up with the Bus Division regarding any additional information they may have in response to all the requests we discussed and specifically the inquiry regarding red light violations and any traffic control violations after 2000.

Regarding the personal information of our employees and the effect of our internal policies and procedures, please note that WMATA is an interstate compact agency, governed by a Board of Directors.  D.C. Code Ann. § 9-1107.01 (2001).  Section 12 of WMATA's Compact empowers the Board of Directors to enact rules respecting the exercise of Compact powers, which have the power of law.  Among those rules is WMATA Policy/Instruction 9.2, Privacy.  Under the Privacy Policy, releasing individual information from WMATA systems of records requires proper authority.  Privacy Policy § 6.1.  WMATA interprets and applies its Privacy Policy consistent with the Federal Privacy Act, 5 U.S.C. § 552a.
 Policy § 1.0.  Under the Privacy Policy and federal law and practice, in order for WMATA to release these records to you, you will need to provide WMATA with the individual's authorization (data subject) or a judge-issued subpoena.  Policy § 6.0; 5 U.S.C. § 552a (b).  A judge-issued subpoena is one that a court of competent jurisdiction in the District of Columbia, Maryland or Virginia has acted upon and executed.  Administrative subpoenas, subpoena forms completed by attorneys and subpoenas pre-signed by court clerks or judges, for instance, are not judge-issued

1

subpoenas.  See, Doe v. Stephens, 851 F.2d 1457 (D.C. Cir. 1988); Doe v. DiGenova, 779 F.2d 74 (D.C. Cir.
1985).  If we release records without a judge-issued subpoena in violation of our policy, WMATA would be exposed to suit and may be liable for litigation costs.


Kathleen

-----Original Message-----
From: Kathleen Carey [mailto:kcarey@wmata.com]
Sent: Wednesday, November 14, 2007 11:17 AM
To: Moore, Richmond
Subject: Robinson

Rich:
Here are the number for pedestrian accidents (struck by a bus) by FY are:

FY 00-27
FY 01-21
FY 02-23
FY 03-47
FY 04-40
FY 05-37
FY 06-43
FY 07-39
FY 08-through 09/30/07=6.

The other information is still being researched.  I will put everything in a formal supplemental response to interrogatories and document requests when I have final information on each category we discussed.

I intend to note Ms. Robinson's deposition.  Please provide dates that are available to you and your client and I will do my best to work within those parameters in scheduling.  Due to my workload, I am requesting dates after December 17, 2007 to mid January 2008.

Please also let me know when I can expect to receive the signed HIPAA release form from Ms. Robinson.  Without that there is a delay in obtaining complete medical information to which we are entitled.

Kathleen