## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE WASHBURN ROBINSON, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 07 CV 01072 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant | ) | |

### SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF THE DEFENDANT WMATA'S OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL

Comes now the Defendant, through counsel, and submits the attached documents in further support of its Memorandum In Opposition to the Plaintiff's Motion to Compel. Defendant filed the Memorandum on February 12, 2008. However, on that date two documents referenced on page 10 of the Defendant's Memorandum, WMATA's Privacy Policy 9.2 and Records Management Policy 6.1, were not available in the appropriate format for attaching to the pleading due to a technical problem in WMATA's office. They are, therefore, filed and served this date. There are no changes made to the Memorandum previously filed.

The Defendant does not object to any enlargement of time the Plaintiff may

seek within which to file a reply brief, if any, due to the delay in receipt of these attachments.

Respectfully submitted,

_____/s/_____

Kathleen A. Carey #357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1496
Kcarey@wmata.com

_____/s/_____

David J. Shaffer #413484
Assistant General Counsel
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
Attorneys for Defendant WMATA
Dshaffer@wmata.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the Supplemental Memorandum in Opposition to the Plaintiff's Motion to Compel was served through the Court efiling this 15th Day of February, 2008 to:

F. Lane Heard III
Richmond T. Moore
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005

_____/s/_____

Kathleen A. Carey



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| *Records Management* | *Administrative Support* | *OPER* | *03-13-2001* | *6.1/3* |

## 1.00  POLICY

1.01   It is the policy of WMATA to manage its records in compliance with formally approved procedures.

## 2.00  PURPOSE

2.01   The purpose of this policy is to:

A.   Retain records which are necessary for the activities of the Authority, i.e., active files;

B.    Retain records in compliance with statutory or legal requirements;

C.   Retain records of historic value in that they document significant events, decisions, or physical characteristics.

D.   Micrographics, optical disks and magnetic media will be used to store documents that are referenced frequently or are of significant long-term value.

## 3.00  SCOPE

3.01   This policy instruction applies to the entire Authority.

## 4.00  DEFINITIONS

4.01   <u>Record Management Manual</u>: A document maintained by the Office of Plant Maintenance (PLNT).  This Manual contains procedures for transmitting, retrieving and destroying documents.  It also contains Records Retention Schedules which are developed in coordination with affected offices.

4.02   <u>Records Management Center (RMC)</u>: A facility containing the Authority's archives.

**APPROVED**
by the WMATA P/I Matrix Team, pursuant to the
authority delegated by General Manager Richard A. White

| | Supercedes | Page |
|---|---|---|
| | *P/I 6.1/2* | *1 of 3* |



| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| *Records Management* | *Administrative Support* | *OPER* | *03-13-2001* | *6.1/3* |

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION**

4.03   <u>Records Retention Schedule</u>: A schedule, for a series of Authority documents, which describes the scope and nature of the documents and identifies when they should be transferred to, how long they should be retained by, and when they should be destroyed by the Records Management Center.  This schedule is developed in coordination with the affected office.

## 5.00   RESPONSIBILITY

5.01   The administration of this P/I will be the responsibility of the Office of Plant Maintenance (PLNT).

5.02   PLNT is responsible for maintaining and staffing the RMC where files will be stored in accordance with the  Records Management Manual.  Further, PLNT is responsible for maintaining and updating, as required, the Records Management Manual.  Changes to the Manual will be coordinated with the affected offices, COUN and AUDT and will be approved by the Chief of Staff.

5.03   Office Directors are responsible for ensuring compliance with the polices and procedures contained in the Records Management Manual.  Further, it is their responsibility to ensure that duplicate and/or inappropriate material is not sent to the Records Management Center.

Further, Office Directors are responsible for identifying, in a memorandum to the Director of PLNT, those records that have cost-effective micrographics application. PLNT will coordinate approval of the request with COUN and AUDT to ensure that legal and statutory requirements are met.

5.04   It is the responsibility of the issuing Department / Office to maintain an archival copy of all policy and procedure manuals which have been revised or superceded by later editions.

## 6.0   PROCEDURES

6.1   Procedures for transmitting, retrieving and destroying records are  provided in the Records Management Manual.  Changes to the Manual will be coordinated by PLNT with the affected offices, COUN and AUDT and will be approved by the Chief of Staff.

**APPROVED**
by the WMATA P/I Matrix Team, pursuant to the
authority delegated by General Manager Richard A. White

| | Supercedes | Page |
|---|---|---|
| | *P/I 6.1/2* | *2 of 3* |



| | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION |

| Subject | Classification | Lead | Date Approved | P/I Number |
|---------|----------------|------|---------------|------------|
| *Records Management* | *Administrative Support* | *OPER* | *03-13-2001* | *6.1/3* |

6.2   Included in the Manual are procedures  for automatically destroying records when authorized by the Records Retention Schedules.  The Supervisor of the RMC will seek concurrence from the affected office, 30 days in advance of the  pending destruction of records.

6.3   Offices considering the feasibility of using micrographics to store records shall coordinate their request with the Supervisor of the RMC.

6.4   An office requesting the permanent retention of records shall provide a written justification to the Director of PLNT.

## 7.0   EXCEPTIONS

None.



| | Supercedes | Page |
|---|------------|------|
| | *P/I 6.1/2* | *3 of 3* |



| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION | | | | |
|---|---|---|---|---|

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

## 1.0    POLICY

It is the policy of the Washington Metropolitan Area Transit Authority (WMATA) to protect the privacy of individuals who are the subjects of records maintained by WMATA in Systems of Records, by generally preventing the disclosure of records without the permission of the person who is the subject of the record and by providing individuals: access to their information contained in WMATA Systems of Records; an accounting of disclosures; and an opportunity to request amendment of those records.  WMATA will interpret and apply this Policy consistent with the federal Privacy Act, 5 U.S.C. § 552a, and federal practice.

## 2.0    PURPOSE

WMATA, in the regular course of its business, receives information about individual customers, employees and members of the public.  Some of the information, if released, could harm these people and could violate their privacy.  This Policy/Instruction (P/I) establishes Policy and provides guidance on restricting access to records relating to individuals, guarantees the person who is the subject of a record access to the record and establishes a procedure to correct any misstatements of fact contained in a record.

## 3.0    SCOPE

This P/I establishes a means to regulate the collection, use and safeguarding of personal data.  It applies to information in Systems of Records and is intended to protect individual privacy by establishing rules regarding the collection and use of data, establishing rights for the data subject and providing for penalties for violations and judicial review of WMATA decisions.

## 4.0    DEFINITIONS

4.1    "Day" does not include Saturday, Sunday or a legal holiday.

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 1 of 17 |



| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION | | | | |
|---|---|---|---|---|
| **Subject** | **Classification** | **Lead** | **Date Approved** | **P/I Number** |
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

4.2   "Individual" means a natural, living person but does not include a person doing business with WMATA in the role of sole proprietor.

4.3   "Maintain" includes maintain, collect, use, or disseminate.

4.4   "Personnel Records" refers to records contained in a System of Records, such as the Official Personnel Files, medical files, and retirement files, maintained by the Human Resources Management Services (HRMS).

4.5   "Receipt" means receipt of a request by the Privacy Administrator, or the Director, HRMS, in the case of Personnel Records.

4.6   "Record" means any item, collection, or grouping of information about an individual that is maintained by or for WMATA, including, but not limited to, the individual's education, financial transactions, medical history, and criminal or employment history and that contains the individual's name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.

4.7   "Registered User" means an individual or entity who/that has registered their SmarTrip® card with WMATA.

4.8   "Routine Use" means, with respect to the disclosure of a Record, the use of such Record for a purpose that is compatible with the purpose for which it was collected.

4.9   "Statistical Record" means a Record in a System of Records maintained for statistical research or reporting purposes only and not used in whole or in part in making any determination about an identifiable individual.

4.10   "System of Records" means a group of any Records under the control of WMATA or WMATA contractor from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual.

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 2 of 17 |



**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION**

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

4.11 "WMATA Personnel" means any officer, employee, contractor or agent of WMATA.

## 5.0 RESPONSIBILITIES

5.1 Contracting officers shall be responsible for ensuring that the appropriate requirements of this P/I are in any contract, where a contractor is responsible for creating, operating or maintaining a System of Records to accomplish a WMATA function.

5.2 The Director, HRMS, shall be responsible for responding to requests relating to Personnel Records of former and current employees and for keeping a record of the actions taken in regard to requests regarding Personnel Records.

5.3 The Office of Marketing (MKTG) shall be responsible for assuring that a current copy of this Policy and that a copy of each written notice regarding systems of records is posted on WMATA's internet website.

5.4 The Official Custodian (Custodian) of each Department/Office shall be responsible for complying with the record-keeping requirements of paragraph 7.1, involving circumstances where records are disclosed; for placement of statements of disagreement in individual files and for ensuring that these are included with any disclosure of records in accordance with paragraph 7.4; identifying the circumstances when a Privacy Notice must be used when individuals are asked to supply information in accordance with paragraph 7.6.2 and for drafting the proposed notice regarding Routine Uses, required by paragraph 7.6.3. In accordance with paragraph 7.6.5, the Custodians shall take reasonable steps to ensure that records which are disclosed, except in the case of Routine Uses, are accurate and complete. For purposes of this P/I, the Responsible Official shall be considered an Official Custodian unless s/he has designated a subordinate as the Official Custodian and so notified the Privacy Administrator. An Official Custodian must meet the qualification requirements and evaluation provisions of Section 5.4(a) and (b) of the Public Access to Records Policy (PARP).

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 3 of 17 |



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

5.5    The Privacy Administrator is the person responsible for administering this Policy.  He or she shall ensure timely response to requests for access to records; shall attempt to provide notice when records are obtained pursuant to compulsory legal process under paragraph 7.6.7; shall review the Privacy Notices drafted by Custodians as required by paragraph 7.6.4. and shall ensure that the final notices are transmitted to MKTG to be posted on WMATA's internet website.

5.6    A Responsible Official is an Officer, Assistant General Manager, Chief Operating Officer, or head of an Independent Office who shall be responsible for the implementation of this P/I for his/her department/office, including appointing an Official Custodian.  They are responsible for determining which personnel in their offices or departments must sign an Information Protection Statement, ensuring that all such personnel execute Information Protection Statements annually, and filing copies of these statements in the Official Personnel File.  Responsible Officials shall designate and supervise Official Custodians of Records for their respective departments or offices. Responsible Officials shall notify the Privacy Administrator of the name, telephone number, facsimile number, and email address of the current Official Custodian for their respective departments or offices and shall update this information as necessary.

## 6.0    CONDITIONS OF DISCLOSURE

6.1    WMATA shall not disclose any Record that is contained in a System of Records by any means of communication to any person, or to another government agency, except pursuant to a written request by the individual to whom the Record pertains or with his or her prior written authorization unless disclosure of the Record is:

(a)    to WMATA Personnel who have a need for the Record in the performance of their duties, which need should be related to the purpose for which the Record is maintained;

| | Supercedes | Page |
|---|---|---|
| **APPROVED** <br> by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 4 of 17 |



| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION | | | | |
| --- | --- | --- | --- | --- |
| **Subject** | **Classification** | **Lead** | **Date Approved** | **P/I Number** |
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

(b)    for a Routine Use as defined in paragraph 4.8 of this Policy and described under paragraph 7.6.3 of this Policy;

(c)    to a requester who has provided WMATA with advance adequate written assurance that the Record will be used solely as a statistical research or reporting Record, and the Record is to be transferred in a form that is not individually identifiable;

(d)    to an agency or an instrumentality of any federal, state or local entity with jurisdiction within the Transit Zone for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to WMATA specifying the particular portion desired and the law enforcement activity for which the Record is sought, and to any federal, state or local law enforcement agency if the head of the agency establishes to WMATA that the information is required in the course of an investigation where time is of the essence in preserving and protecting human life and/or public safety;

(e)    to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual, but if the information being disclosed contains protected health information as defined by WMATA's health information privacy policies, disclosure shall be pursuant to those policies;

(f)    to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee;

(g)    to the U.S. Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the Government Accountability Office, or to the Federal Transit Administration in the course of its audit activities;

| APPROVED | Supercedes | Page |
| --- | --- | --- |
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 5 of 17 |



| | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION | | | | |
|---|---|---|---|---|---|

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

    (h)       pursuant to the order of a Court of competent jurisdiction; or

    (i)       required under WMATA's PARP.

6.2    WMATA Personnel shall not disclose or permit others to disclose to anyone outside the Authority information obtained through their official position or work with the Authority and not generally available to the public, except in the performance of their official duties or in connection with judicial proceedings, and in accordance with the provisions of this P/I and other relevant WMATA rules and regulations.  Any applicable statute, regulation or WMATA Policy providing greater privacy protection controls over this Policy.  Departments and offices shall require their employees who have particularized access to sensitive information on either recurring or single time basis, to sign an Information Protection Statement by which they agree to comply with the requirements of this P/I, a sample of which is attached to this P/I.  Each Responsible Official shall be responsible for identifying the employees who because of their access to information shall be required to sign a statement. The Responsible Official shall file a copy of the signed statement in the Official Personnel File.

## 7.0   PROCEDURES

    7.1    <u>Accounting of certain disclosures</u>

        7.1.1  For disclosures made under paragraph 6.1, except for disclosures made under paragraph 6.1(a) and 6.1(i), with respect to each System of Records under its control, WMATA shall keep an accurate accounting of:

            (a)       the date, nature, and purpose of each disclosure of a Record; and

            (b)       the name and address of the person or agency to whom the disclosure is made.

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 6 of 17 |



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

7.1.2   WMATA shall retain the accounting made under paragraph 7.1.1 for at least five (5) years after the disclosure for which the accounting is made or however long the record is ordinarily retained, whichever is longer.

7.1.3   Except for disclosures made under paragraph 6.1(d), WMATA shall make the accounting made under paragraph 7.1.1 of this P/I available to the individual named in the Record at his/her request.

7.1.4   WMATA shall inform any person or agency to whom Records have been disclosed of any correction or notation of dispute made by WMATA in accordance with paragraph 7.4 of this P/I.

7.2   <u>Access to Records</u>

7.2.1   Upon request by any individual to access his/her Record or to amend any information pertaining to him/her that is contained in a System of Records, WMATA shall permit him/her, and upon his/her request, a person of his/her own choosing to accompany him/her, to review the Record and have a copy made of all or any portion thereof.

7.2.2   A request shall be made in writing or by e-mail and be directed to the Privacy Administrator, except for Personnel Records relating to former and current employees.  In the case of Personnel Records relating to former and current employees, the request shall be directed to the Director, HRMS, or designee.  The Privacy Administrator, or the Director, HRMS, in the case of Personnel Records, shall acknowledge receipt of a request within ten (10) days of receipt and shall respond to the request within thirty (30) days after the date the acknowledgment is mailed.  If WMATA refuses to disclose the Record, it shall inform the individual of the reason for the refusal and the procedure for judicial review. No record shall be disclosed unless the requestor demonstrates to WMATA that he or she is who he or she claims to be.  If the requester appears in person, he or she must provide an identifying document containing a photograph issued by



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

a recognized governmental organization.  If the request is made in writing, the requester must provide his or her full name, current address, date and place of birth, and must have the request notarized.

7.2.3  In the case of medical Records regarding former or current employees, including psychological Records, the decision to release directly to the individual or to withhold direct release shall be made by a medical practitioner designated by the Director, HRMS.  If the decision is that direct release is reasonably likely to endanger the life or physical safety of the individual who is requesting access, release through the individual's chosen medical practitioner will be recommended.  Requests for access to protected health information shall be responded to in accordance with WMATA's Health Information Privacy policies.

7.3  Amendment of Records

7.3.1  An individual may request amendment of a Record pertaining to himself.  The request must be in writing, must be addressed to the Privacy Administrator or to the Director, HRMS, in the case of Personnel Records, and must pertain solely to issues of fact.  The request must contain any and all documentary evidence supporting the request for amendment.

7.3.2  Not later than ten (10) days after receipt, the Privacy Administrator, or the Director, HRMS, in the case of Personnel Records, shall acknowledge such receipt.

7.3.3  In the case of Personnel Records, the Director, HRMS shall determine whether the Record shall be amended.  In the case of other Records, the Privacy Administrator shall transmit the request to the Official Custodian who shall make the determination whether to amend the Record.

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 8 of 17 |



| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION |
| --- |

| Subject | Classification | Lead | Date Approved | P/I Number |
| --- | --- | --- | --- | --- |
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

7.3.4   Not later than forty (40) days after receipt, the Privacy Administrator or the Director, HRMS, in the case of Personnel Records shall either:

(a)    make any correction of any portion thereof which the individual believes is not accurate, relevant, or complete and shall provide notice of the correction to the individual; or

(b)    inform the individual of the refusal to amend the Record in accordance with the request, the reason for the refusal and the procedures for judicial review.

7.4    <u>Statement of Disagreement</u>

If WMATA's decision is to refuse to amend a Record, the individual may file with WMATA a concise statement setting forth the reasons for his disagreement with WMATA's refusal.   In any disclosure by WMATA, containing information about which the individual has filed a statement of disagreement, WMATA shall clearly note any portion of the record that is disputed and provide copies of the statement, and at its discretion, a concise statement of the reasons for not making the requested amendment.

7.5    <u>Administrative Appeals</u>

7.5.1   An individual may seek administrative review of a denial of access to his or her records under section 7.2 of this P/I, or a refusal to amend records following a determination under section 7.3.4 of this P/I by filing a written appeal of the action with the Chief of Staff within thirty (30) days of the date of the denial letter.

7.5.2.   The date of receipt of an appeal shall be the date it is received by the Chief of Staff.

7.5.3   An Appeal Panel consisting of the Chief of Staff, or his/her designee, the General Counsel, or his/her designee, and the Deputy/Assistant General Manager or Office Director to whom the Custodian of the



| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION |
|:---:|

| Subject | Classification | Lead | Date Approved | P/I Number |
|:---:|:---:|:---:|:---:|:---:|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

Records at issue reports or his/her designee shall be responsible for reviewing appeals. The Appeal Panel shall inform the individual of its determination concerning the appeal within twenty (20) days of receipt.

7.5.4 If the Appeal Panel grants the appeal, the Chief of Staff, or his/her designee, shall inform the requester of the applicable conditions surrounding granting the request (e.g., amendment of record) and the approximate date upon which compliance will be effected. If the Appeal Panel grants only a portion of the appeal, it shall treat the portion not granted as a denial.

7.5.5. If the Appeal Panel denies the appeal, either in part or in whole, the Chief of Staff, or his/her designee, shall inform the requester of that decision and of the following:

(a)     the reasons for the denial;

(b)     the name and title or position of each person responsible for denial of the appeal; and

(c)     the right to judicial review.

7.5.6 Any attorney assigned to the appeals process shall not have had any involvement with the initial denial of the request.

7.5.7 An individual must exhaust this administrative appeal process prior to seeking judicial review of a denial of access or refusal to amend.

7.6     <u>Other Requirements and General Principles</u>

7.6.1 WMATA shall maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose in accordance with the WMATA Compact.

| APPROVED | Supercedes | Page |
|:---:|:---:|:---:|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 10 of 17 |



| | **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION** |
|---|---|

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

7.6.2  WMATA shall state on the form that it uses to collect the information for a System of Records or on a separate form that can be retained by the individual:

    (a)    whether disclosure of such information is mandatory or voluntary;

    (b)    the principal purpose or purposes for which the information is intended to be used;

    (c)    a summary of the Routine Uses of the information; and

    (d)    the effects, if any, of not providing all or any part of the requested information.

When collecting personal information for a system of records from an individual through verbal/oral communication, WMATA shall, if feasible, provide the individual with a notice consistent with this paragraph.  The notice may be provided verbally.

7.6.3  Each department or office or equivalent that maintains a System of Records shall provide the Privacy Administrator with a written notice stating:

    (a)    the name and location of the system;

    (b)    the categories of individuals for whom records are maintained in the system;

    (c)    the categories of records maintained in the system;

    (d)    each Routine Use of the records contained in the system, including the categories of users and the purpose of such use;



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

(e)    the policies and practices regarding storage, retrieval, access controls, retention, and disposal of the records, consistent with WMATA's Records Retention Policies;

(f)    the title and business address of the official who is responsible for the System of Records;

(g)    WMATA's procedures whereby an individual can be notified how to gain access to any record pertaining to him contained in the System of Records, and how to contest its content; and

(h)    the categories of sources of records in the system.

7.6.4    A copy of each written notice regarding Systems of Records described in paragraph 7.6.3 shall be submitted to the Privacy Administrator for his or her review, after which it shall be posted on WMATA's internet website.  It shall also be made available for public review upon request.

7.6.5    Prior to disseminating any record about an individual, unless the dissemination is required under WMATA's Public Access to Records Policy pursuant to paragraph 6.1(i), WMATA shall make reasonable efforts to ensure that such records are accurate and complete.

7.6.6    WMATA shall maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute, by the individual about whom the record is maintained, or pertinent to and within the scope of an authorized law enforcement activity.

7.6.7    WMATA shall make reasonable efforts to serve notice on an individual when any record about an individual is made available to any person under compulsory legal process, provided such process has become a matter of public record.

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 12 of 17 |



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

7.6.8 WMATA shall establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity that could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual about whom information is maintained.

7.6.9 An individual's name and address may not be sold or rented by WMATA unless such action is specifically authorized by law. This provision shall not be construed to require the withholding of names and addresses otherwise permitted to be made public.

7.6.10 A current copy of this P/I shall be posted on WMATA's internet website.

7.7 Coordination with PARP and with Collective Bargaining Agreements

7.7.1 WMATA shall not rely on any exemption contained in the PARP to withhold from an individual any record about the individual that is otherwise accessible under the provisions of this P/I.

7.7.2 WMATA shall not rely on any exemption in this P/I to withhold from an individual any record that is otherwise accessible to such individual under the provisions of the PARP.

7.7.3 In the event that there is a conflict between the provisions of this Policy and the provisions of any collective bargaining agreement, the provisions of the collective bargaining agreement shall govern.

## 8.0 FEES, JUDICIAL REVIEW, AND DISCIPLINE

8.1 Fees for copying records that are disclosed shall be assessed in accordance with the WMATA PARP duplication rates in effect at the time the records are provided. No fee will be charged for searching for and reviewing the record. No fee will be charged for records furnished in response to a request from: an employee or former employee of WMATA for his or her Personnel

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 13 of 17 |



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

Records; a member of Congress for official use; a domestic governmental agency; or a Court.

8.2    Whenever WMATA:

(a)    makes a determination under paragraph 7.3.4 of this P/I not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that paragraph;

(b)    refuses to grant an individual request under paragraph 7.2 of this P/I; or

(c)    fails to comply with any other provision of this P/I in such a way as to have an adverse effect on an individual;

the individual may bring a civil action, only for injunctive relief or a declaratory judgment, and only after exhausting the administrative review process in section 7.5 of this P/I.  Nothing in this P/I shall be construed to authorize any civil action for damages.

8.3    In any suit brought under the provisions of paragraph 8.4, the Court shall determine the matter de novo.  The burden is on WMATA to sustain its action.  The Court may assess against WMATA reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph where the Court determines both that WMATA acted willfully and that the complainant has substantially prevailed.

8.4.    In accordance with Section 81 of the Compact, an action to enforce this P/I may be brought in any state or federal Court of the United States located in the District of Columbia, Maryland or Virginia without regard to the amount in controversy, within two (2) years from the date on which the cause of action arises, except that where WMATA has materially and willfully misrepresented any information required under this P/I to be disclosed to an individual and the information so misrepresented is material to establishment



| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION |
|---|

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

of the liability under this P/I, the action may be brought at any time within two (2) years after discovery by the individual of the misrepresentation.

8.5     Any WMATA officer, employee, or agent who wrongfully and willfully denies a person access to a record about which he or she is the subject or who willfully releases records other than in accordance with this P/I, or who unduly delays or refuses to cooperate with locating records shall be subject to discipline up to and including dismissal from WMATA.  Any employee who fails to complete an Information Protection Statement, as required by a Responsible Official, shall be subject to discipline.

## 9.0     EXEMPTIONS

9.1     Nothing in this P/I shall allow an individual the right to access to a record, amend a record or obtain an accounting of disclosures for:

(a)     any information compiled in reasonable anticipation of a civil action or proceeding or where disclosure would violate applicable federal law;

(b)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for employment, personnel matters, or contracts, but only to the extent that the disclosure of such material would reveal the identity of a source who furnished information to WMATA; or

(c)     testing or examination material used solely to determine individual qualifications for appointment or promotion in employment with WMATA, the disclosure of which would compromise the objectivity or fairness of the testing or examination process.

9.2     WMATA may not share any information under a matching program, by which automated Systems of Records are compared, unless the requesting (i.e., recipient) agency enters into an agreement with WMATA pursuant to 5 U.S.C. § 552a(o)(1) or in the case of a state agency, under analogous state statutory authority.



**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION**

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

9.3     No SmarTrip® information, including financial transaction information, may be released by WMATA, unless the request is made (a)  pursuant to a Court order; (b)  pursuant to a request from a law enforcement official pursuant to paragraph 6.1(d) herein; (c)  by the Registered User of the SmarTrip® information/data upon proof of identity, in accordance with paragraph 7.2.2, for release only to that user.  SmarTrip® information will not be released to a third party even with the written consent of the Registered User, except in accordance with subsections 9.3(a) and (b) above.

9.4     Records maintained by the Metro Transit Police and which consist of (a)  information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and parole and probation status; (b) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (c)  reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision, shall be exempt from making an accounting of disclosures available under 7.1.3 and 7.1.4; from the rights of access (7.2), request for amendment (7.3), statement of disagreement (7.4) and judicial review (8.2 - 8.4); and from the principal and routine uses in 7.6.1, 7.6.2, 7.6.3 (H) and 7.6.7.

9.5     The Responsible Official shall provide the Privacy Administrator with a written justification for why any System of Records should be deemed exempt from any part of this P/I.  The Privacy Administrator shall determine whether any System of Records is exempt from any of the requirements of this P/I.



## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY POLICY/INSTRUCTION

| Subject | Classification | Lead | Date Approved | P/I Number |
|---|---|---|---|---|
| Privacy Policy | Legal | COUN | 5/19/2005 | 9.2/0 |

### INFORMATION PROTECTION STATEMENT

The Responsible Official to whom the undersigned reports, has determined that the undersigned has been or may be granted access to sensitive or confidential information. Such information may be in an oral, written, electronic or computer generated format. By signing this document, I acknowledge that I am familiar with the data and information protection policies contained in the following WMATA Policy Instructions: 7.10/4 (particularly paragraphs 6.01.05 and 6.01.06)(Standards of Conduct); 9.3/2 (PARP), 9.2/0 (Privacy) and 15.1 (Information Security).

I recognize that in the performance of my duties and responsibilities, I must exercise the highest degree of care to protect, safeguard and preserve the integrity and confidentiality of all materials and information to which I have been granted access. <u>I understand that during my employment or thereafter, I may not divulge, discuss, transmit, copy or otherwise distribute any information or document that I have obtained as a result of my employment with WMATA</u>, except in connection with my official duties and in accordance with the relevant Policy Instructions. I understand that failure to comply with the confidentiality and non-disclosure requirements as stated herein and as contained in the referenced Policy Instructions will result in disciplinary action, up to and including termination of employment.

I, _____, acknowledge that I have read and understood the Information Protection Statement.

_____        _____
Signature                                                                    Date

| APPROVED | Supercedes | Page |
|---|---|---|
| by the WMATA Board of Directors effective October 1, 2005 | 1.12/0 | 17 of 17 |