# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Jane Washburn Robinson,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 1:07-cv-1072 (PLF) |
| **The Washington Metropolitan Area** | ) |
| **Transit Authority,** | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION TO COMPEL
## DEPOSITION TESTIMONY FROM WMATA BUS DRIVER AND
## <u>MOTION FOR SANCTIONS</u>

For the reasons set forth in Plaintiff's Response to WMATA's Objections to Magistrate Judge's Rulings on Plaintiff's Motion to Compel Discovery ("Plaintiff's Response"), the Court should order WMATA's bus driver, Kevin McIlwain, to answer any questions related to his performance as a WMATA bus driver, in accordance with Judge Robinson's March 3, 2008 discovery order. Specifically, the Court should order that he answer questions about, *inter alia*, why he was terminated from WMATA, any discussions with WMATA employees about the bus accident at issue in this case, and any disciplinary actions taken by WMATA against him.[1]

In addition, pursuant to Rule 37(5)(A), the Court should require WMATA to pay (i) the Plaintiff's expenses incurred in making this motion, including attorney's fees, and (ii) Plaintiff's costs, including attorney's fees, of taking a second deposition of Mr. McIlwain to obtain answers to questions that WMATA instructed him not to answer. As explained fully in Plaintiff's

---

[1] Plaintiff has not yet received the transcript of Mr. McIlwain's deposition, taken on March 25, 2008. She will supplement this motion, citing specific questions and instructions, when the transcript becomes available.

2

Response, WMATA's instructions to Mr. McIlwain were not substantially justified because they were directly contrary to Judge Robinson's discovery order, were based largely on legal objections that WMATA failed to raise before Judge Robinson when this issue was litigated, and have no legal merit.  The Court should impose sanctions to compensate Plaintiff for the expenses that she has incurred, and will incur, because of WMATA's unjustified interference with Plaintiff's deposition of Mr. McIlwain.

               Respectfully submitted,

               /s/ Richmond T. Moore
               F. Lane Heard III (D.C. Bar No. 291724)
               Richmond T. Moore (D.C. Bar No. 483811)

                 Williams & Connolly LLP
                 725 Twelfth Street, NW
                 Washington, DC  20005
                 (202) 434-5000

               *Attorneys for Plaintiff Jane Washburn Robinson*

Dated:  April 3, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April 2008 a true and correct copy of the foregoing Plaintiff's Motion to Compel Deposition Testimony From WMATA Bus Driver and Motion for Sanctions and Proposed Order was served on the defendant through the Court's ECF system.

David J. Shaffer
Kathleen Ann Carey
WASHINGTON METROPOLITAN TRANSIT AUTHORITY
600 Sixth Street, NW
Washington, DC 20001
dshaffer@wmata.com
kcarey@wmata.com

                                                /s/ Richmond T. Moore
                                                Richmond T. Moore

                                                  WILLIAMS & CONNOLLY LLP
                                                  725 12th Street, NW
                                                  Washington, DC 20005-5901
                                                  (202) 434-5000
                                                  *rtmoore@wc.com*

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Jane Washburn Robinson,<br><br>                                    Plaintiff,<br>            v.<br><br>The Washington Metropolitan Area<br>Transit Authority,<br><br>                                    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:07-cv-1072 (PLF)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED ORDER**

The Court orders Kevin McIlwain to answer any questions related to his performance as a WMATA bus driver, in accordance with Judge Robinson's March 6, 2008 discovery order. Specifically, he must answer questions about why he was terminated from WMATA, any discussions with WMATA employees about the bus accident at issue in this case, and any disciplinary actions taken by WMATA against him.

The Court further orders WMATA to pay (i) Plaintiff's expenses incurred in making this motion, including attorney's fees, and (ii) Plaintiff's expenses, including attorney's fees, of taking a second deposition of Mr. McIlwain to obtain answers to questions that WMATA instructed him not to answer.

_____
THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE