# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

_____

JANE WASHBURN ROBINSON,          )
                                 )
         Plaintiff,              )
                                 )
         v.                      )        Case No. 07 CV 01072 (PLF)
                                 )
WASHINGTON METROPOLITAN          )
 AREA TRANSIT AUTHORITY,         )
                                 )
         Defendant.              )
_____)

## DEFENDANT WMATA'S REPLY TO PLAINTIFF'S RESPONSE TO
## DEFENDANT WMATA'S OBJECTIONS TO
## MAGISTRATE JUDGE ROBINSON'S RULING ON
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant WMATA replies to the points raised in Plaintiff's response to the

Defendant's objections to Magistrate Judge Debra Robinson's order, granting in part

and denying in part, Plaintiff's motion to compel.

Bus Operator's Recorded Interview

Plaintiff argues that the Defendant's objections to the order requiring it to produce

the bus operator's recorded interview were waived, and, in the alternative,  are not

privileged as attorney work product.[1]   Plaintiff asserts that Defendant has not

established that the investigator who interviewed the bus operator was doing so as an

agent on behalf of WMATA's attorney.  Plaintiff also argues that since the WMATA

attorneys were not involved in pre-litigation investigation, the information generated

during that investigation cannot be privileged as attorney work product. Plaintiff cites no

_____

[1]The Defendant produced the transcripts of the recorded interviews of the two non-involved witnesses following the hearing before Magistrate Judge Robinson.

authority for this proposition.    However, direct involvement by the Office of General

Counsel, Litigation Section, is not necessary to establish that the work performed by the

Third Party Claims Section of WMATA constituted attorney work product.  Individual

direction of an accident investigation by counsel in an institution the size of WMATA is

the rare exception, rather than the rule. The investigators in Third Party Claims have

authority to investigate claims, settle claims and recommend settlement of claims.  They

review and investigate every claim and certain categories of accidents that are most

likely to lead to claims.  Those include pedestrian accidents.  That investigation is both

for safety concerns and in <u>anticipation</u> of litigation.  There need not be actual litigation or

a claim pending for the investigation to be privileged pursuant to the attorney work

product privilege at the time it is conducted.  The information gathered from the bus

operator approximately two months after the accident in an interview with the claims

investigator is clearly developed in anticipation of a claim.  The investigation at the

scene, not by claims investigators, but by WMATA Street Supervisors was long since

completed by the time the bus operator was interviewed by claims in the question and

answer format.  It was not for the purpose of review and analysis of the accident as an

employment/safety matter that claims interviewed the operator.

<u>Work Performance Document</u>

With respect to the production of information relating to Mr. McIlwain's work

performance, both prior to the accident at issue and after the accident at issue, Plaintiff

persists in its argument that that information is somehow relevant to the actions of the

bus operator on the day in question.  To the extent that there was any confusion in

WMATA's position regarding the production of discipline information pertaining to

2

Operator McIlwain for work related performance, WMATA's position is that any decision to impose discipline or not, before, as a result of, or after this accident, or for any incident after this accident, is both opinion evidence and information protected pursuant to the deliberative process privilege.

Plaintiff has failed to present a coherent argument or theory for either the admissibility of any discipline information regarding the work performance of the operator or how such information would lead to admissible evidence.   Instead, Plaintiff merely argues that "[i]f [operator McIlwain] were disciplined or terminated for performance-related reasons, that information is potentially relevant...." (Plaintiff's Response to Defendant's Objections at page 8).   The statement begs the question of how this information is even "potentially relevant."   Prior or subsequent bad acts evidence is not relevant to the question of whether an individual was negligent at the time of this accident. Fed. R. Civ. P. 404(b).   The Defendant is cognizant of the applicable discovery standard, that is, whether information is producible is not based solely upon whether the information would be admissible evidence,  but also weather it would lead to such.   Defendant's position is that Plaintiff has not provided any justification under either test sufficient for this Court to compel the Defendant to produce it to the Plaintiff.

Plaintiff's stated justification for this argument is that if the bus operator testifies that he has a clean driving record or that he has a practice/habit of proceeding cautiously, information contradicting that testimony is admissible.  Plaintiff has failed to establish why testimony of these prior acts offered and admitted as evidence in Defendant's case-in-chief proves or tends to prove absence of negligence or would

3

otherwise be admissible in the first instance.  There is no reason to produce such

information since there would be nothing to impeach.

Fed. R. Evid. 608(b) severely limits the use of such information as character

evidence.  The Advisory Committee's note to Fed. R. Evid. 608(b) specifically explains

that

> [i]t should be noted that the extrinsic evidence prohibition of Rule 608(b) bars any
> reference to the consequences that a witness might have suffered as a result of
> an alleged bad act.  For example, Rule 608(b) prohibits counsel from mentioning
> that a witness was suspended or disciplined for the conduct that is the subject of
> impeachment, when that conduct is offered only to prove the character of the
> witness.

Plaintiff argues that information regarding post-accident evaluation or discipline is

producible.  Plaintiff relies on Bradley v. Melroe Co., 141 F.R.D. 1 (D.D.C. 1992) for

support of her argument that when a business entity conducts an investigation for its

own purposes, such information is producible in subsequent civil litigation.  What the

Plaintiff neglected to point out is, that in Bradley the actual holding in the case is that

only factual information gathered was producible   and that neither conclusion nor

opinion evidence/documentation need be produced.

Defendant has  produced to Plaintiff the redacted Accident Report and

Investigation of the Accident.  The redacted sections contain conclusory opinions and

self evaluative deliberation information.  Production of the redacted document is in

accordance with the holding in Bradley and also a number of decisions in this

jurisdiction including the 2007 decision in Sutton v. WMATA by Magistrate Judge John

Bates.  The document as produced also revealed the operator's history of accidents in

the preceding 365 days.  That history is that Operator McIlwain was involved in two

mon-preventable incidents and that no discipline was imposed for either incident. Plaintiff, therefore, has been provided with all the discipline information to which he is arguably entitled as a result of this accident.

Accidents at Massachusetts Avenue, N.W. and Belmont Road, N.W.

Plaintiff continues to argue that she is entitled to information regarding accidents at the location of Massachusetts Avenue, N.W. and Belmont Road, N.W as if the information had not already been related to Plaintiff's counsel. The information provided is that information from 1999, indicates that there were no other pedestrian incidents or accidents at that intersection and, based upon the records available, that there were no accidents or incidents due to traffic signal violations. In answering the Plaintiff's objection, there have been no reported WMATA accidents at that intersection which are due to any vehicle running a red light.

Bus Training Information

Defendant has also provided training materials from the training classes which Mr. McIlwain attended which relate to the facts of this accident. Defendant also produced the Table of Contents for each of the Training Modules used in Mr. McIlwain's training. Plaintiff has the information from which she can identify any other training module material which relates to the factors in this incident at bar. She has not requested any further information.

Waiver

Plaintiff argues that failure to cite a particular case to the Magistrate Judge in opposition to the Plaintiff's motion to compel, precludes the Defendant from relying upon it when objecting to the Magistrate's Order before this Court. Fed. R. Civ. P. 72

5

provides for a <u>de novo</u> review of the Magistrate's ruling. While factual findings by the Magistrate Judge are entitled to deference by this court where testimony is taken, decisions on the law are reviewed anew by the United States District Court. <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 574-5 (1985). Therefore, relying upon additional case law not originally argued is not precluded. Plaintiff also asserts that the Defendant failed to preserve the attorney client privilege with respect to the bus operator's interview. However, in the Defendant's opposition to the Plaintiff's motion to compel, the objection was raised. Admittedly counsel felt at the time of argument that the work product privilege was the stronger argument and as a result spent more energy on that argument, the attorney client privilege was not waived by that strategic decision.

For the foregoing reasons, WMATA respectfully requests that the Objections

be sustained and that the Magistrate Judge's ruling be modified as in the Defendant's

proposed Order.

Respectfully submitted,

/s/

Kathleen A. Carey #357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496
Kcarey@wmata.com

/s/

David J. Shaffer #413484
Assistant General Counsel
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
Dshaffer@wmata.com

Attorneys for Defendant WMATA

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant WMATA's Reply to Plaintiff's Response

to Defendant's Objections to Magistrate Judge's Ruling on Plaintiff's Motion to Compel

Discovery was served through the Court efiling this 11th day of April, 2008 to:

F. Lane Heard III
Richmond T. Moore
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C.  20005

/s/

Kathleen A. Carey