## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE WASHBURN ROBINSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Case No. 07 CV 01072 (PLF) |

### DEFENDANT WMATA'S SUPPLEMENTAL MEMORANDUM REGARDING WMATA'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RULING ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), hereby submits this brief Supplemental Memorandum Regarding WMATA's Objections to Magistrate Judge Robinson's Rulings on Plaintiff's Motion to Compel Discovery.

1.  With respect to footnote 6 at page 10 of Plaintiff's Response to WMATA's Objections, regarding Plaintiff's request for drug testing information, WMATA notes that 42 U.S.C. § 290dd-2 precludes disclosure of certain information, if any exists, except under certain limited exceptions not applicable here, and provides criminal penalties for unauthorized disclosures.

2.  At page 2, first full paragraph, seventh line, of WMATA's Reply to Plaintiff's Response, the phrase "deliberative process privilege" should read "self-evaluative privilege," as detailed in WMATA's initial objections.

3.  At Plaintiff's request and in accordance with Fed. Ct. R. Civ. P. 34,

Defendant provided a privilege log of documents being withheld on the grounds previously identified in the current discovery dispute. The log identified the documents by title, date and, where applicable, a description of the subject matter of the document. In response to that log, Plaintiff's counsel requested production of three documents or sets of documents: 1) the accident report completed by the operator regarding the accident in question; 2) the results of the operator's drug test performed on the date of the accident; and 3) all disciplinary reports pertaining to the operator.

The accident report had already been provided in the Defendant's Initial Disclosures under Fed. R. Civ. P. 26(a)(1), but defense counsel provided it again. The drug testing report was produced in redacted form which showed that on the date in question, the operator tested negative for both alcohol and drugs. Plaintiff did not raise any objections to these documents as produced.

Therefore, the request to compel the accident report and the drug and alcohol testing results are moot. The request for the disciplinary records and other documents requested by the Plaintiff remain the subject of the current discovery motions.

Respectfully submitted,

\_\_\_\_/s/_____
Kathleen A. Carey #357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-1496
Kcarey@wmata.com
Attorney for Defendant WMATA

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of Defendant WMATA's Supplemental Memorandum Regarding WMATA's Objections to Magistrate Judge's Ruling on Plaintiff's Motion to Compel Discovery was served through the Court efiling this 21st day of July, 2008 to:

F. Lane Heard III
Richmond T. Moore
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C.  20005

                                       /s/
                                   Kathleen A. Carey